475 S.E.2d 410

Sandra Gayle MAPLES and John Maples, Plaintiffs Below, Appellants,

v.

WEST VIRGINIA DEPARTMENT OF COMMERCE, DIVISION OF PARKS AND RECREATION, Defendant Below, Appellee.

No. 23112.

Supreme Court of Appeals of West Virginia.

Submitted April 30, 1996.

Decided July 5, 1996.

---

**320**

John D. Wooton, Michael E. Froble, Wooton, Wooton & Fragile, Beckley, for Appellants.

David E. Schumacher, David F. Nelson, Schumacher & Stennett, Charleston, for Appellee.

ALBRIGHT, Justice:

Sandra Gayle Maples and her husband, John Maples, plaintiffs below and appellants, appeal a judgment in favor of the West Virginia Department of Commerce, Division of Parks and Recreation (Division of Parks), entered by the Circuit Court of Wyoming County in a personal injury action that arose after Mrs. Maples fell and injured herself at the Twin Falls State Park Lodge. Appellants argue that the court erred in allowing testimony regarding certain inspection reports that were not disclosed during discovery and in failing to give one of appellants' instructions, which would have informed the jury that a violation of building and safety codes is negligence *per se*. Finally, appellants assert that the verdict was contrary to the evidence. After reviewing the arguments of both parties and carefully reviewing the record submitted with this appeal, we find that appellants failed to object to the testimony regarding the inspection reports and the error was not saved by plain error; that appellants failed to establish that the building and safety codes upon which their negligence *per se* instruction was based had been adopted by Wyoming County; and finally that the evidence was sufficient to sustain the verdict. In accordance with these findings, we affirm.

Appellant Sandra Gayle Maples and her son, both residents of Marshall, Texas, were guests in the lodge at Twin Falls State Park in Wyoming County, West Virginia, in June of 1989, while they attended a family reunion being held at the park. Mrs. Maples and other members of her family had rented rooms 210 and 211 in the lower part of the lodge. On the evening of June 16, 1989, Mrs. Maples and her son were returning to their room after having gone outside to retrieve a bottle of cola from Mrs. Maples' vehicle. It had rained all afternoon and was still drizzling; consequently, the ground was wet and puddles had formed at various places. There was no floor mat inside the entrance that led to the rooms where Mrs. Maples and her family were staying. Therefore, Mrs. Maples could not wipe the moisture from her sneakers when she entered the building. As Mrs. Maples placed her hand on the hand rail[1] and began to descend the stairs toward her room, her foot slipped out from under her. She fell backwards and suffered injuries to her back.

1. There was disputed evidence as to whether     Mrs. Maples was able to grasp the handrail.

Mrs. Maples and her husband, John, subsequently filed this personal injury action against the owner of the lodge, the West Virginia Department of Commerce, Division of Parks and Recreation, appellee here. A jury trial was held in August, 1994. At the end of the Maples' evidence, both parties filed motions for a directed verdict. Both motions were denied by the court. The motions were renewed at the end of all the evidence and were again denied. The case was submitted to the jury, and a verdict was returned in favor of the Division of Parks. The Maples, appellants here, then moved for a new trial. This appeal is from the court's order of February 23, 1995, which denied appellants' motion for a new trial.

## SAFETY INSPECTION TESTIMONY

Before we discuss appellants' contention that the testimony regarding certain safety inspection reports should have been excluded, a brief discussion of related events that transpired during trial is necessary.

The trial of this case lasted three days. Mr. Durham, the park superintendent, was called by appellants and testified at the end of the first day of trial. During cross-examination by appellee, superintendent Durham testified that an engineering firm conducted yearly safety inspections and advised the park of any possible safety hazards. He further stated that the engineering firm had never recommended placing a mat or other moisture gathering device in the area where Mrs. Maples fell. Appellants made no objections during superintendent Durham's testimony regarding the safety inspections. Similarly, no objections or motions to strike were made immediately following his testimony.

On the second day of trial, appellants called their expert, Mr. Sober, as the first witness. During appellants' direct examination, counsel asked Mr. Sober whether he had observed any safety hazards during his visit to the park that he would have included in a safety report if he had been asked to provide one. Mr. Sober described several conditions that he considered safety hazards. Appellee objected, stating that Mr. Sober had testified to matters which had not been previously raised. Appellants' counsel then commented that he was attempting to show notice on the part of the park in response to superintendent Durham's earlier testimony that yearly safety inspections had been performed. The court overruled appellee's objection.

On the afternoon of the third day of trial, superintendent Durham was again called to testify, this time as a witness for appellee. On direct examination, appellee asked superintendent Durham additional questions regarding the safety inspections. Appellants' counsel asked to approach the bench, where he explained that he was objecting to the written reports of the safety inspections. Counsel stated that he had requested the production of safety reports during discovery, and appellee's counsel failed to produce any such reports. Appellee's counsel stated that he had not been aware of the reports prior to the first day of trial and that he furnished appellants with copies of the reports after obtaining the same. He further stated that he did not intend to enter the reports into evidence, but that he did intend to question superintendent Durham about the reports and their contents.

During the exchange regarding this testimony, appellants' counsel commented to the court, "[l]et me ask you this: He has already testified about this to a certain extent. I don't know how we are going to deal with the stuff he has already testified to." To which the court responded, "[w]e're not going to do anything about it." The transcript is not clear, but it appears that the court thereafter ruled to exclude the reports and any testimony regarding their contents. After further discussion, however, appellants' counsel said, "[l]et him talk about it because you're not going to put the report[s] in." The court then stated that it would change its ruling, but was interrupted before it could explain the change. Appellee's counsel subsequently questioned superintendent Durham regarding the safety inspections and the contents of the resulting reports, including the absence of recommendations regarding the stairwell in question. The reports were not offered into evidence.

Appellants complain that appellee improperly withheld the safety inspection reports

during discovery. Therefore, testimony relating to the safety inspection reports should have been excluded. Appellants suggest that Mr. Durham's entire cross-examination testimony from the first day of trial should have been struck. Appellants further argue that counsel did not acquiesce in the court's ruling or waive the objection on appeal, because counsel's failure to object was understandable and excusable under *Gilmer v. Sydenstricker*, 42 W.Va. 52, 24 S.E. 566 (1896) (exception to ruling upon admission or rejection of evidence in jury trial must be made before the jury retires).[2] Counsel acknowledges that *Gilmer* is an 1896 case that predated the current rules of evidence, but counsel asserts that it is still good law because it was codified as part of Rule 103(a) of the West Virginia Rules of Evidence. Finally, appellants assert that counsel's objection, made two days after the testimony was initially admitted, was contemporaneous under the circumstances so as to make it timely within the meaning of Evidence Rule 103(a)(1).

Appellee asserts that the trial judge did not abuse his discretion by allowing Mr. Durham's testimony, because appellants waived any objection to Mr. Durham's testimony by failing to timely object, as required by Rule 103(a)(1) of the West Virginia Rules of Evidence and footnote four of *Reed v. Wimmer*, 195 W.Va. 199, 465 S.E.2d 199 (1995) ("an objection must be interposed at the time the evidence has been offered and the trial court thus be given an opportunity to rule on the admissibility of the evidence."). Moreover, appellee contends that the West Virginia Rules of Evidence repose significant discretion in the trial court in to make evidentiary and procedural rulings. *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995). Finally, appellee notes that appellants failed to ask the trial judge to strike superintendent Durham's earlier testimony as part of a discovery sanction and they did not complain of any unfair surprise at any time during the trial.

■ After reviewing the record in this case and carefully considering the trial

events discussed above, we find that appellants failed to object to the testimony regarding the safety inspections. Under Rule 103(a) of the West Virginia Rules of Evidence:

> (a) . . . Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
>
> (1) . . . In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; . . . .

In addition, Rule 46 of the West Virginia Rules of Civil Procedure states:

> Formal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him.

■ In *Konchesky v. S.J. Groves and Sons Co.*, 148 W.Va. 411, 415, 135 S.E.2d 299, 302 (1964), this Court recognized that Rule 46 of the West Virginia Rules of Civil Procedure "clearly shows that formal exceptions are unnecessary, but parties must still make it clear that they object to the ruling or order of the court in order to preserve such matter for appeal. Exceptions to the action of the trial court may now be made by the parties under this Rule by making it known to the court the action which is desired of the court or by an objection being made to the action taken by the court and the grounds therefor . . . ." The *Konchesky* Court also recognized that "Rule 46 of the West Virginia Rules of Civil Procedure is in the identical language as Rule 46 of the Federal Rules of Civil Procedure governing such matters, and

---

**2.** Appellant's counsel explains that, because of appellee's failure to disclose the reports during discovery, he thought Mr. Durham was testifying about internal safety inspections.

the authorities construing Federal Rule 46 hold that although exceptions are unnecessary by this Rule, it is still necessary for objections to be made. *Pfau v. Witcover*, 4 Cir., 139 F.2d 588; *Monaghan v. Hill*, 9 Cir., 140 F.2d 31; *United States v. Vater*, 2 Cir., 259 F.2d 667." *Id.*, 148 W.Va. at 415, 135 S.E.2d at 302–03.

■ In the instant case, there has been no allegation that appellants were denied the opportunity to object. Therefore, in order to preserve this alleged error, it must be apparent from the record that counsel made known to the court his ground for objecting and the action he desired the court to take. The record is void of such evidence. When the complained of testimony was first offered, counsel was silent. The following day, counsel made no objection or motion to strike, yet put on rebuttal evidence. Finally, on the third day, counsel objected to the admission of the reports only, which were excluded. Counsel subsequently acquiesced to the admission of the testimony regarding the reports.[3] "A litigant may not silently acquiesce to [an alleged] error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal." *In Interest of S.C.*, 168 W.Va. 366, 374, 284 S.E.2d 867, 880 (1981).

■ Furthermore, we find that counsel's comment, "I don't know how we are going to deal with the stuff he has already testified to," made two days after the testimony was offered, was insufficient to meet the requirement that counsel object and make known the grounds of such objection. " 'Where objections were not shown to have been made in the trial court, and the matters concerned were not jurisdictional in character, such objections will not be considered on appeal.' Syl. pt. 1, *State Road Commission v. Ferguson*, 148 W.Va. 742, 137 S.E.2d 206 (1964)." Syl. pt. 1, *Estep v. Brewer*, 192 W.Va. 511, 453 S.E.2d 345 (1994).[4]

■ Finally, with regard to the challenged testimony, we find that appellants' right to appellate review is not saved by plain error. "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. pt. 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995); *Voelker v. Frederick Business Properties*, 195 W.Va. 246, 254, 465 S.E.2d 246, 254 (1995).

The *Miller* court explained that the plain error analysis begins with a determination of whether there was in fact an error. "[D]eviation from a rule of law is error unless there is a waiver. Waiver . . . is the 'intentional relinquishment or abandonment of a known right.' . . . [W]hen there has been such a knowing waiver, there is no error and the inquiry as to the effect of the deviation from a rule of law need not be determined." *Id.* at 18, 459 S.E.2d at 129

---

3. We note appellants' argument that counsel ultimately agreed to allow the testimony because the trial judge had refused to strike the earlier testimony, and he otherwise would have had no opportunity to practice damage control. Appellee persuasively responds that appellants had already conducted damage control by way of the testimony of their expert, Mr. Sober. Moreover, appellee asserts that the proper procedure would have been for counsel to object to the evidence and, if the trial judge denied the objection, to challenge the evidence through the presentation of rebuttal testimony or evidence.

4. This Court was confronted with a situation similar to the one at hand and concluded that appellant failed to preserve the issue for appellate review in *Voelker v. Frederick Business Properties*, 195 W.Va. 246, 465 S.E.2d 246 (1995). *Voelker* involved the appeal of a mother to an adverse decision in a wrongful death case that

she filed after her young son was struck by a vehicle while at a bus stop. Appellant complained that the court erred by admitting her testimony, adduced on cross examination, that she allowed her son to walk alone to the bus stop. The Court observed that appellant's counsel did not object to appellee's initial question and similarly failed to object upon appellants' answer. The Court noted that appellant's counsel did not make an objection until after appellant had answered several more questions on the same issue. Moreover, the Court observed that when counsel did object, it appeared that he objected to the admission of rules and regulations appellant signed when she moved into the apartment complex where the decedent caught the bus, rather than to the admission of the complained of testimony. In addition, the Court observed that appellant failed to move to strike the testimony.

(citations omitted).[5] As discussed above, we have found that appellants waived their right to review. In addition, we find that the inclusion of the complained of testimony did not affect the substantial rights of the plaintiff in this case. The *Miller* Court explained that "[n]ormally, to affect substantial rights means that the error was prejudicial. It must have affected the outcome of the proceedings in the circuit court." *Id.* We have carefully reviewed the record in this case and conclude that there was sufficient evidence to support the jury's verdict. Consequently, we find that the admission of the testimony regarding the safety inspection reports did not give rise to plain error.

## INSTRUCTION

■ Appellants next argue that the court erred in failing to give Plaintiffs' Instruction No. 16. The instruction advised the jury that appellee's violation of building and safety codes constituted negligence *per se.* Appellants argue that it is well established in West Virginia that violation of a statute is *prima facie* evidence of negligence. To establish that the Building Officials & Code Administrators National Building Code (BOCA) applied to the incident in question, appellants seemed to rely on a comment made by appellee's counsel during his cross-examination of appellants' expert witness, Mr. Sober.[6] Appellants argue that because appellee's counsel conceded at trial that the BOCA did apply, it cannot now assert otherwise.[7] To further support their argument that the BOCA applied in this instance, appellants quote the portion of the trial tran-

script where appellee's counsel asked Mr. Sober to read the definition of a "dwelling unit" from the BOCA. The definition read by Mr. Sober appeared to include hotels, thereby indicating that the BOCA applied to the Twin Falls Lodge. Finally, appellants argue that even if the code was not applicable, the code is admissible evidence of negligence through a failure to follow industry custom and usage.

Appellee, on the other hand, argues the determination of whether the BOCA applied in this case first required a determination of whether the lodge was a "dwelling unit" as defined in the code.[8] Appellee maintains that expert Sober read the wrong definition during cross-examination, thereby indicating that the code was applicable. Appellee argues that a proper reading of the code reveals that it does not apply to the Twin Falls State Park Lodge.[9] Appellee also argues that appellants failed to preserve their right to challenge this issue on appeal because they failed to make any specific objection on the record to the court's refusal of their Instruction No. 16.

When Plaintiffs' Instruction No. 16 was discussed during the instruction conference, the court appeared to doubt whether the applicability of the code to Wyoming County had been established and rejected the instruction.[10] We find that the court properly excluded the instruction.

Footnote three of *State ex rel. State Line Sparkler v. Teach,* 187 W.Va. 271, 418 S.E.2d 585 (1992), indicates that the state fire commission adopted the 1987 BOCA standard

---

5. The *Miller* Court further explained that the failure to make a timely assertion of a right, or forfeiture of the right, does not extinguish the error. *Id.*

6. Defense counsel stated, "I will submit here [and] now that [BOCA] was adopted in West Virginia on April 28, 1989, and it has been recognized by case law to have been in effect at the time of this fall . . . ."

7. Appellee admits that its counsel conceded that the BOCA Code had been adopted; however, appellee contends that it never conceded that the section properly could be applied to the lodge stairwell or that the section had been violated.

8. Appellee asserts that the only possible basis for a *per se* negligence instruction arose from expert

Sober's testimony that the width of the handrail violated the BOCA. Appellee further asserts that there was no evidence that other items about which appellants complained, i.e. the absence of a floor mat, violated any governing statutes or regulations.

9. During the discussion of the propriety of Plaintiffs' Instruction No. 16, however, defense counsel produced the 1987 BOCA and demonstrated that Mr. Sober had read the wrong portion of the book.

10. Nevertheless, the court permitted appellants' counsel to argue during closing argument that defendant had violated building and safety codes.

and that such standards were in effect at the time of the accident. However, under W.Va. Code §§ 29–3–5b and 7–1–3n, each county had the option of adopting the code. Although appellants' expert, Mr. Sober, discussed both the BOCA and the Life Safety Code Handbook during his testimony, he stated that he did not know what code was applicable, and thus he was testifying to accepted and well known national standards.

█ " 'An instruction should not be given when there is no evidence tending to prove the theory upon which the instruction is based.' Syl. pt. 4, *Hovermale v. Berkeley Springs Moose Lodge No. 1483,* [165] W.Va. [689], 271 S.E.2d 335 (1980)." Syl. pt. 3, *Jenrett v. Smith,* 173 W.Va. 325, 315 S.E.2d 583 (1983). We can find no evidence in the record indicating that Wyoming County had adopted BOCA.

█ "It will be presumed that a trial court acted correctly in giving or in refusing to give instructions to the jury, unless it appears from the record in the case that the instructions given were prejudicially erroneous or that the instructions refused were correct and should have been given." Syl. pt. 1, *State v. Turner,* 137 W.Va. 122, 70 S.E.2d 249 (1952). We find that Plaintiffs' Instruction No. 16 was correctly refused.

## WEIGHT OF THE EVIDENCE

█ Appellants argue that the trial court erred in failing to grant a new trial under Rule 59 of the West Virginia Rules of Civil Procedure, because the jury verdict was contrary to the weight of the evidence. Appellants assert that "[i]f the trial judge finds the verdict is against the clear weight of the evidence, ... or will result in a miscarriage of justice, the trial judge may set aside the verdict, even if supported by substantial evidence, and grant a new trial." *In re State Public Building Asbestos Litigation,* 193 W.Va. 119, 126, 454 S.E.2d 413, 420 (1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 2614, 132 L.Ed.2d 857 (1995). Appellants argue that the inadequacy of the verdict is underscored by the fact that this State has adopted comparative negligence, and the jury assigned no fault to the defendant.

Appellee argues that the *Asbestos Litigation* case also stated, with regard to a Rule 56 motion: "Ultimately the motion invokes the sound discretion of the trial court, and appellate review of its ruling is quite limited." *Id.* at 124, 454 S.E.2d at 418 (quoting 11 Charles Alan Wright and Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 2803 at 32–33 (1973) (footnotes omitted)). Furthermore, the *Asbestos Litigation* Court recognized that "[t]he trial court has very broad discretion and the appellate courts will defer a great deal to his exercise of this discretion. This much is settled." *Id.* (quoting Wright and Miller, § 2818 at 118).

█ " 'In determining whether there is sufficient evidence to support a jury verdict, the court should: (1) consider the evidence most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved by the jury in favor of the prevailing party; (3) assume as proved all facts which the prevailing party's evidence tends to prove; and (4) give to the prevailing party the benefit of all favorable inferences which reasonably may be drawn from the facts proved.' Syl. Pt. 5, *Orr v. Crowder,* 173 W.Va. 335, 315 S.E.2d 593 (1983), *cert. denied,* 469 U.S. 981, 105 S.Ct. 384, 83 L.Ed.2d 319 (1984)." Syl. pt. 3, *Realcorp, Inc. v. Gillespie,* 193 W.Va. 99, 454 S.E.2d 393 (1994) (per curiam). We have thoroughly reviewed the record in this case, and we conclude that the jury's verdict is not contrary to the weight of the evidence, viewed in the light most favorable to appellee.

For the foregoing reasons, we conclude that appellants failed to object to the testimony regarding the inspection reports and the error was not saved by plain error; that appellants failed to establish that the building and safety codes upon which their negligence *per se* instruction was based had been adopted by Wyoming County; and finally that the evidence was sufficient to sustain the verdict. In accordance with these findings, the February 23, 1995 order of the Circuit Court of Wyoming County is affirmed.

Affirmed.