# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**K.W.,**
**Respondent Below, Petitioner**

**FILED**

**October 4, 2013**
**released at 3:00 p.m.**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 12-1197** (Boone County 03-D-289)

**C.W.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner K.W.,[1] appearing *pro se*, appeals the order of the Circuit Court of Boone County, entered September 17, 2012, that denied his appeal of an order of the Family Court of Boone County, entered July 23, 2012. Respondent C.W., by counsel Maureen Conley, filed a response.[2] Respondent Bureau of Child Support Enforcement ("BCSE"), by counsel Kimberly D. Bentley, also filed a response. Petitioner filed a reply to each response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties are divorced. Subsequent to their divorce, the parties' minor son was adopted by petitioner's parents on April 16, 2008, and the parties' minor daughter passed away on February 1, 2009. Petitioner owed respondent child support for the period prior to the son's adoption and the daughter's death.

In an order entered May 18, 2011, the family court granted respondent a judgment for past due child support in the amount of $575 from April of 2004 through November of 2007 and in the amount of $888.95 from December 1, 2007, to February 1, 2009. The family court also found that the funeral expenses associated with the minor daughter totaled $7,044.44 and that the child's grave cost $2,000. The family court ordered that petitioner was responsible for 83% of the funeral expenses and 83% of the cost of the grave, and that respondent was responsible for 17% of the

---

[1] Because this is a domestic relations case, we protect the identity of the parties. *See State ex rel. West Virginia Dept. of Human Services v. Cheryl M.,* 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

[2] Respondent also filed a motion to dismiss petitioner's appeal for failure to address issues from the last appealable order. Petitioner responded to the motion. However, because this Court is able to dispose of the appeal on its merits, *see infra*, we deny the motion as moot.

funeral expenses and 17% of the cost of the grave. That division of fiscal responsibility was based on the percentages found on the child support calculation sheet attached to a modification order entered by the family court on January 28, 2008. Petitioner appealed the family court's May 18, 2012 order to the circuit court which denied his appeal on June 1, 2011. Petitioner did not appeal the circuit court's denial of his appeal to this Court.

Petitioner filed a petition for modification to end his child support obligation on February 28, 2012. Petitioner indicated that the family court erred in finding he owed child support for the periods from April of 2004 through November of 2007 and from December 1, 2007, to February 1, 2009. Petitioner alleged that he had in fact overpaid his child support obligation. Respondent filed a response disputing that petitioner had paid his total child support obligation and filed a counter-petition that petitioner failed to pay his share of their daughter's funeral expenses and a previous judgment against him with regard to retirement benefits. After a hearing on April 4, 2012, the family court denied the petition for modification and ordered that respondent's counter-petition be held in abeyance until November of 2012 because petitioner was previously given eighteen months to pay respondent the retirement benefits he owed her. Petitioner did not appeal the June 21, 2012 order the family court entered as a result of the April 4, 2012 hearing.[3]

After the April 4, 2012 hearing but before the entry of the June 21, 2012 order, the BCSE filed a motion requesting the family court to partially reconsider its prior orders to give petitioner credit for all known child support payments regarding the minor children. As a result of the BCSE's new accounting, petitioner was ultimately accredited with an overpayment in the amount of $628.05.

The family court conducted a hearing on the BCSE's motion for reconsideration on June 19, 2012. Petitioner's counsel informed the family court that they had no objection to the new accounting stating that "[w]e think this accounting is correct." Respondent also had no objection to the new accounting.

With regard to any overpayment that might be due to petitioner, the family court requested that petitioner's counsel consult with petitioner about whether the BCSE could direct the overpayment to the funeral home to be applied to the expenses associated with the parties' deceased daughter. After consulting with his client during a recess, petitioner's counsel informed the family court that "[petitioner] is willing to have an order entered directing any overpayment amounts be forwarded to [the funeral home]." Later in the June 19, 2012 hearing, petitioner's counsel stated a second time that "[petitioner] said send it to [the funeral home]."

Accordingly, in its order entered July 23, 2012, the family court directed that any overpayment due to petitioner be sent to the funeral home. The family court also accepted the BCSE's new accounting noting that "[n]either party has any objections." Therefore, the family court granted the BCSE's motion to partially reconsider its prior orders and directed that petitioner be given credit for all known child support payments regarding the minor children.

---

[3] Because the order was entered on June 21, 2012, petitioner's time to appeal the order expired on July 23, 2012. *See* W.Va. Code § 51-2A-11(a).

On August 21, 2012, petitioner filed a *pro se* appeal of the family court's July 23, 2012 order to the circuit court. The circuit court denied the appeal on September 17, 2013, finding that the family court did not abuse its discretion and that the family court's findings of fact were not clearly erroneous. Petitioner now appeals the circuit court's September 17, 2013 order.

In Syllabus of *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004), we set forth the standard of review:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo.*

On appeal, petitioner asserts that the BCSE's new accounting was not accurate and that he still has not been given full credit for child support payments he made. Respondent argues that the family court's July 23, 2012 order benefits petitioner because the order gives him credit for additional payments. The BCSE notes that the July 23, 2012 order credits petitioner for payments made, but does not address the amount of past child support that was due because the amount had been established by prior orders not appealed to this Court.

We find that the BCSE is correct that petitioner can no longer dispute the amount of past child support that was due because he did not appeal the relevant orders. In Syllabus Point 1 of *Maples v. West Virginia Department of Commerce, Division of Parks and Recreation*, 197 W.Va. 318, 475 S.E.2d 410 (1996), this Court held that "[a] litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal." At the June 19, 2012 hearing, not only did petitioner's counsel state that petitioner did not object to the BSCE's new accounting, but counsel affirmatively indicated that "[w]e think this accounting is correct." Therefore, this Court concludes that petitioner cannot now dispute on appeal the amount of past due child support.

Syllabus Point 1 of *Maples* also resolves whether the family court properly directed that any overpayment due to petitioner be sent to the funeral home. Petitioner's counsel informed the family court that "[petitioner] is willing to have an order entered directing any overpayment amounts be forwarded to [the funeral home]." Petitioner asserts that he agreed only because he thought that the family court would not allow the overpayment to go to him. However, neither the transcript nor the video recording of the June 19, 2012 hearing indicate that petitioner agreed under protest to send the overpayment to the funeral home. In fact, later in the hearing, petitioner's counsel stated a second time that "[petitioner] said send it to [the funeral home]." Therefore, this Court concludes that petitioner cannot raise this issue on appeal.

Finally, petitioner contends that the family court abused its discretion in determining that he pay 83% of the funeral and grave expenses associated with his daughter. However, because

petitioner did not appeal the May 18, 2012 order to this Court, he may not dispute the division of responsibility for the expenses in the instant appeal. *See Noland v. Virginia Insurance Reciprocal*, 224 W.Va. 372, 378, 686 S.E.2d 23, 29 (2009) ("Although our doctrine of law of the case generally refers to issues that have previously been reviewed at the appellate level, the doctrine is equally applicable to issues that have been fully litigated in the [trial] court and as to which no timely appeal has been made.") (Internal quotations and citations omitted.) Furthermore, even if petitioner could raise this issue, both respondent and the BCSE correctly note that the division of responsibility is based on the percentages found on the child support calculation sheet attached to a modification order entered by the family court on January 28, 2008. As to petitioner's argument that the family court had earlier determined in a June 9, 2009 order that he had only a moral obligation to assist in paying the funeral expenses, the Court notes that nothing in the 2009 order indicates that it was a final order and, therefore, the family court had plenary authority to reconsider its decision in the May 18, 2012 order. *See* Syl. Pt. 2, in part, *Taylor v. Elkins Home Show, Inc.*, 210 W.Va. 612, 558 S.E.2d 611 (2001) ("[A] trial court has plenary power to reconsider, revise, alter, or amend an interlocutory order[.]"). After careful consideration, this Court concludes that petitioner's appeal is wholly without merit.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Boone County. We affirm the circuit court's September 17, 2012 order that denied petitioner's appeal of the July 23, 2012 order of the Family Court of Boone County.

Affirmed.

**ISSUED:**   October 4, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4