No. 17-0486 - *The West Virginia Investment Management Board v. The Variable Annuity Life Insurance Company*

**FILED**
**June 5, 2018**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Davis, J., concurring:

In this proceeding, the Petitioners appealed the final decision of a Business Court three-judge arbitration panel. The arbitration panel decision concluded that the Respondent did not violate the terms of annuity contracts entered into between the parties. The majority affirmed that decision in a well-reasoned opinion. I concur in the majority decision. I have chosen to write separately to address two issues involving mediation and arbitration in the Business Court.

First, as pointed out in the majority opinion, the record in this case revealed that the presiding judge acted as a resolution judge for mediation, and also as one of the three members on the arbitration panel. Rule 29 of the Trial Court Rules recognizes two types of judges: presiding judge and resolution judge. Rule 29 does not authorize a presiding judge to act as a resolution judge in a case. Rule 29.07(a) authorizes the Business Court chair to "enter an order assigning Presiding and Resolution Judges." This rule also states that "[t]he Division Chair may serve as a Presiding or Resolution Judge." The presiding judge has the task of conducting an actual trial of a case. This authority is set out under Rule 29.08(a-g). In the definition of resolution judge provided under Rule 29.04(e), it states that the role of

1

the resolution judge is "to mediate, arbitrate, or provide any other form of dispute resolution agreed to by the parties."

For reasons that are not clear from the record, the parties agreed to have the presiding judge act as a resolution judge. This type of arrangement is not contemplated by the Trial Court Rules. In fact, under the definition of resolution judge provided by Rule 29.04(e), it clearly states that "[t]o protect confidentiality of the mediation process, communication between the presiding judge and resolution judge regarding the mediation during or after the process shall be limited to procedural status or other matters agreed to by the parties." This language unquestionably implies that the positions of presiding judge and resolution judge should not be filled by the same person in the same case. Consequently, I believe it was a serious procedural error for the presiding judge in this matter to also serve as a resolution judge. However, this procedural error was waived by the parties through their acquiescence in the arrangement. The decisions of this Court are quite clear in holding that "[a] litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal." Syl. pt. 1, *Maples v. W. Virginia Dep't of Commerce, Div. of Parks & Recreation*, 197 W. Va. 318, 475 S.E.2d 410 (1996). *See* Syl. pt. 2, *Hopkins v. DC Chapman Ventures, Inc.*, 228 W. Va. 213, 719 S.E.2d 381 (2011). Further, "when there has been such a knowing waiver, there is no error and the inquiry as to the effect of the deviation from a rule of law need not be determined."

2

*State v. Miller*, 194 W. Va. 3, 18, 459 S.E.2d 114, 129 (1995). Finally, "[w]hen a right is waived, it is not reviewable even for plain error." *State v. Crabtree*, 198 W. Va. 620, 631, 482 S.E.2d 605, 616 (1996). Insofar as the Petitioners in this case agreed to have the presiding judge also fill the role of a resolution judge, they cannot complain of the error in this arrangement.

A second issue that the Petitioners waived is whether a resolution judge can act as both a mediator and an arbitrator in the same case. Rule 29 does not expressly address this issue. However, Rule 29.08(h) does appear to implicitly allow this arrangement. This provision states that "[t]he Resolution Judge is authorized to schedule and conduct mediation of the case or any Alternative Dispute Resolution as agreed to by the parties and the Resolution Judge in an attempt to resolve the case in an expedient and efficient manner." This provision allows the parties and the resolution judge to agree upon conducting any type of alternative dispute resolution.

The issue of a judge serving as both a mediator and an arbitrator in the same case was addressed in *In re Cartwright*, 104 S.W.3d 706 (Tex. App. 2003). The decision in that case involved a post-divorce property claim that was filed by the former wife. The trial court appointed another trial judge to act as arbitrator to resolve the claim, as required by the divorce decree. The former husband filed a motion objecting to the person named as

arbitrator, because she had served as a mediator over a child custody issue during the divorce proceeding. The trial judge denied the motion. The former husband filed a writ of prohibition seeking to preclude enforcement of the trial court's order. The appellate court granted the writ of prohibition for the following reasons:

> [A] mediator is in the position of receiving the parties' confidential information, which may not be revealed to the court or to any other person. If the mediator is later appointed to be the arbitrator between the same parties, he or she is likely to be in the possession of information that either or both of those parties would not have chosen to reveal to an arbitrator.
>
> . . . The mediation process encourages candid disclosures, including disclosures of confidential information, to a mediator. It is the potential for the use of that confidential information that creates the problem when the mediator, over the objection of one of the parties, becomes the arbitrator of the same or a related dispute. Just as it would be improper for a mediator to disclose any confidential information to another arbitrator of the parties' dispute, *it is also improper for the mediator to act as the arbitrator in the same or a related dispute without the express consent of the parties*.

*Cartwright*, 104 S.W.3d at 714 (emphasis added). It should be understood that the decision in *Cartwright* recognized that parties may consent to having the same person act as mediator and arbitrator of a dispute. This is the position taken by other courts that have addressed the issue. *See Panama Canal Comm'n v. Fed. Labor Relations Auth.*, 867 F.2d 905, 906 (5th Cir. 1989) ("[T]he panel appointed one of its members, Mr. Robert G. Howlett (Howlett) to serve as arbitrator-mediator. Implicit in the appointment was Howlett's authority to mediate the dispute and issue a binding decision as an arbitrator of any unresolved issues.")*; U.S. ex*

4

*rel. TGK Enters., Inc. v. Clayco, Inc*., 978 F. Supp. 2d 540, 547 (E.D.N.C. 2013) ("[T]he possibility of a dual role for a mediator/arbitrator is expressly contemplated by the American Arbitration Association Construction Industry Arbitration Rules, which allow a mediator to be appointed as arbitrator when requested by all parties."); *Soc'y of Lloyd's v. Moore*, No. 1:06-CV-286, 2006 WL 3167735, at *1 (S.D. Ohio Nov. 1, 2006) (["T]he parties agreed to submit the remaining matters to arbitration and mediation. . . . The parties chose a single panelist, Lawrence A. Glassmann, to arbitrate and mediate the dispute."); *U.S. Steel Mining Co. v. Wilson Downhole Servs*., No. 2:00CV1758, 2006 WL 2869535, at *1 (W.D. Pa. Oct. 5, 2006) ("The parties agreed that Harry L. Griffin, Jr., would serve as both mediator and arbitrator with regard to their dispute."); *Votre v. Maisano-Votre*, No. FA124017418S, 2015 WL 2473188, at *1 (Conn. Super. Ct. May 4, 2015) ("[T]he parties agree to use a 'med/arb format.' Pursuant to this format, the parties would first attempt to mediate their dispute with the arbitrator acting as a mediator, but if they were unable to resolve these issues, the arbitrator would then immediately commence a binding arbitration hearing concerning all unresolved issues and would not be disqualified by her participation in the mediation."); *Town Of Clinton v. Geological Servs. Corp*., No. 04-0462A, 2006 WL 3246464, at *1 (Mass. Super. Nov. 8, 2006) ("This agreement provided for a form of ADR known as "med-arb" in which a neutral, in this case Philip Bonanno, is engaged to serve initially as a mediator and then, if the dispute is not resolved by that process, as an arbitrator.").

As previously noted, the parties agreed to having the mediator serve on the arbitration panel. The record also indicates that the parties were told prior to the mediation that they should not disclose anything during that proceeding which they did not want the mediator to know during the arbitration proceeding. Under these facts, the Petitioners again waived any alleged procedural error.

In view of the foregoing, I concur.