**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **P.E. and J.E.**

**No. 22-0218** (Randolph County 20-JA-87 and 20-JA-88)

**MEMORANDUM DECISION**

Petitioner Father B.E.[1] appeals the Circuit Court of Randolph County's February 25, 2022, order terminating his parental rights to P.E. and J.E.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R.A.P. 21.

In June of 2020, the Department of Health and Human Resources ("DHHR") filed a petition alleging that petitioner abused controlled substances and failed to provide the children with suitable housing or adequate food. Petitioner stipulated to the allegations in the petition in August of 2020, and the circuit court adjudicated him as an abusing parent. In November of 2020, petitioner was granted a post-adjudicatory improvement period with a requirement that he participate in the family drug treatment court program and address his methamphetamine abuse.[3] On September 7, 2021, petitioner was removed from the family drug treatment court program due to multiple blood tests that were positive for methamphetamine. In November of 2021, petitioner stipulated that he was removed from the family drug treatment court program, and the circuit court revoked his post-adjudicatory improvement period.

---

[1]Petitioner appears by counsel Philip S. Isner. The West Virginia Department of Health and Human Resources appears by counsel Patrick Morrisey and Lee A. Niezgoda. Heather M. Weese appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R.A.P. 40(e).

[3]"Family drug treatment courts are specialized court dockets within the existing structure of West Virginia's court system offering judicial monitoring of intensive treatment and strict supervision of individuals with substance use disorder involved in a child abuse and neglect case pursuant to § 49-4-601*, et. seq.*" W. Va. Code § 62-15B-1(b).

1

The circuit court held a dispositional hearing in February of 2022, wherein petitioner challenged the method of drug screening via blood testing. The DHHR presented testimony from Erin Golden, the executive director of North Central Community Corrections; Kenneth Lewis, Ph.D., who was qualified as a toxicology expert; and Leah K. Legg, the coordinator of the family drug treatment court who testified as to the accuracy of drug screening via blood testing. Petitioner did not testify or present evidence. The court found that petitioner's urinalysis drug screens were able to detect methamphetamine at a level of 1000ng/ml or higher and were consistently negative for controlled substances. However, petitioner's "periodic" blood tests could detect methamphetamine at a level of 5ng/ml. Petitioner's blood tested positive ten times for methamphetamine over a period of ten months. Following petitioner's termination from the family drug treatment court program, he enrolled in a random drug screening facility and continued to produce negative urine drug screens. However, the court found that petitioner's blood continued to test positive for methamphetamine, including on three different occasions in January of 2022, just one month prior to the dispositional hearing.

The circuit court found that, based upon the expert's testimony, there was no evidence of contamination during the collection, transportation, or testing of petitioner's blood samples. Ultimately, the court concluded that the "only explanation for the presence of methamphetamine" in petitioner's blood was his voluntary use of the substance, which was in violation of the terms of the family drug treatment court and of his improvement period. The circuit court determined that petitioner never resolved his methamphetamine addiction and that insufficient time remained for him to demonstrate an ability to do so. Further, the circuit court found that petitioner continued to deny his methamphetamine use, despite clear evidence of his continued use, and found that any additional improvement periods would be an exercise in futility. Finally, the circuit court found that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and that termination was necessary for the children's welfare. Based upon these findings, the circuit court terminated petitioner's parental rights by its February 25, 2022, order, which petitioner now appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the circuit court erred in terminating his post-adjudicatory improvement period because he substantially participated in the terms of his improvement period. However, it is clear from the record that petitioner stipulated that he was removed from the family drug treatment court program, which was the sole term of his improvement period. Therefore, petitioner, having stipulated to his failure to abide by the terms of his improvement period, has waived this alleged error. "[W]hen there has been such a knowing waiver, there is no error and the inquiry as to the effect of the deviation from a rule of law need not be determined." *Maples v. W. Va. Dep't of Com., Div. of Parks & Rec.*, 197 W. Va. 318, 323, 475 S.E.2d 410, 415 (1996). Petitioner is entitled to no relief on this issue.

---

[4]The mother's parental rights were also terminated below. According to the parties, the permanency plan for the children is adoption by their foster family.

Petitioner also argues that the circuit court erred in denying his motion for a post-dispositional improvement period. He reiterates that he substantially complied with the terms of his post-adjudicatory improvement period. However, petitioner does not challenge the circuit court's finding that he failed to acknowledge his continued substance abuse and that an additional improvement period would be an exercise in futility. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (acknowledging that a parent's "[f]ailure to acknowledge the existence of the problem . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense"). The record provides that petitioner refused to acknowledge his continued substance abuse, despite his blood consistently testing positive for methamphetamine. Moreover, petitioner presented no evidence that he would substantially comply with the terms of his improvement period, other than his prior ineffective participation, nor did petitioner present any evidence that he experienced a substantial change in circumstances such that an additional improvement period was warranted. *See* W. Va. Code § 49-4-610(3)(D) (requiring a parent to present evidence of "a substantial change in circumstances" when he or she was previously granted an improvement period during the proceedings). Accordingly, we find no error in the circuit court's denial of petitioner's motion for a post-dispositional improvement period.

Finally, petitioner argues that the circuit court erred in terminating his parental rights rather than imposing a less-restrictive dispositional alternative, such as permanent legal guardianship for the children. Notably, however, petitioner does not challenge the circuit court's finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future, which was based on petitioner's continued controlled substances abuse that seriously impaired his parenting ability. Most importantly, petitioner had not responded to treatment for his substance abuse. *See* W. Va. Code § 49-4-604(d)(1) (providing that there was no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when "[t]he abusing parent . . . [has] habitually abused . . . controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person . . . [has] not responded to or followed through the recommended and appropriate treatment"). The court's findings are fully supported by the record and were sufficient to terminate petitioner's parental rights. *See* W. Va. Code § 49-4-604(c)(6) (authorizing the termination of parental rights upon such findings). *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected"). Accordingly, we find petitioner is entitled to no relief in this regard.[5]

---

[5]Petitioner also argues that he was denied equal protection of the law because his county utilized periodic blood testing, as well as urinalysis testing, to screen participants of the family drug treatment court program for substance abuse, whereas other counties allegedly utilize urinalysis drug screens only. However, we decline to address this argument because it was not raised below. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20,

(continued . . . )

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 25, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 26, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

524 S.E.2d 688, 704 n. 20 (1999).” *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009).  Accordingly, petitioner is entitled to no relief.

4