# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**BRUCE FEIN,**
**Plaintiff Below, Petitioner**

**v.) No. 24-ICA-444** (Cir. Ct. of Ohio Cnty. Case No. CC-35-2024-C-172)

**ROBERT PECKENPAUGH and**
**WHEELING PARK COMMISSION,**
**Defendants Below, Respondents**

**FILED**
**August 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Bruce Fein appeals the October 8, 2024, order from the Circuit Court of Ohio County, which granted the motion to dismiss Mr. Fein's complaint filed by Respondents Robert Peckenpaugh and Wheeling Park Commission (the "Commission"). Respondents filed a response.[1] Petitioner filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This action centers on a West Virginia Freedom of Information Act ("FOIA") request served by petitioner upon respondents. However, because petitioner's FOIA request relates to events surrounding an earlier federal court action filed by another individual, we briefly pause to discuss the facts of the federal action to add necessary context to the present appeal.

**Federal Action**

On February 26, 2024, relator filed a *qui tam* action[2] against the Commission in the United States District Court for the Northern District of West Virginia ("Northern

---

[1] On appeal, petitioner is self-represented. Respondents are represented by Shawn A. Morgan, Esq., and Stephenee R. Gandee, Esq., Steptoe & Johnson PLLC.

[2] "A *qui tam* action is one in which a private plaintiff [relator] sues on behalf of the government under a statute that awards part of any penalty recovered to the plaintiff and the remainder to the government." *Camden-Clark Mem'l Hosp. Corp. v. Marietta Area*

1

District"), alleging violations of the federal False Claims Act. *See* 31 U.S.C.A. § 3729 (2009). Specifically, the alleged violations were in relation to the Commission's application for, and receipt of, loans under the federal Paycheck Protection Program ("PPP Loans"). As part of its investigation, the United States Department of Justice ("DOJ") served a broad subpoena upon the Commission pursuant to which the Commission produced voluminous documentation. On June 5, 2024, the Northern District entered an order granting the DOJ discretion to disclose relator's complaint and disclosure statement, as well as a copy of the order authorizing disclosure to the Commission's legal counsel. The June 5, 2024, order also provided that the case would remain under seal pending further order.

On July 3, 2024, DOJ notified the Northern District that it would not intervene in the case, and on the same day, the Northern District entered an order which unsealed only relator's complaint and disclosure statement, and directed relator to serve the complaint upon the Commission. The July 3, 2024, order also stated that all other contents of the case file would remain under seal. Relator did not serve the Commission. Instead, on July 25, 2024, relator served a FOIA request upon the Commission, which requested numerous documents related to the PPP Loans. Relator spoke with Commission's counsel by phone on July 30, 2024, at which time counsel informed relator that the request was improper because it sought documentation which had been subpoenaed by DOJ and ordered sealed by the Northern District in the *qui tam* action. On July 31, 2024, relator withdrew the FOIA request.

**Present Case**

On August 22, 2024, petitioner served his FOIA request upon Mr. Peckenpaugh, Commission President and CEO. The FOIA request stated:

> Pursuant to the West Virginia Freedom of Information Act, I write to request all communications with and documents furnished to the United States Attorney's Office for the Northern District of West Virginia or the United States Department of Justice relating to the Wheeling Park Commission's application for and receipt of two loans under the Small Business Administration Paycheck Protection Program. One loan was approved on or about April 27, 2020 in the approximate amount of $1,977,444.50 and forgiven on or about June 11, 2021 in the approximate amount of $1,999,581.91. The other was approved on or about March 6, 2021 in the approximate amount of $1,766,492.50 and forgiven on or about February 15, 2022 in the approximate amount of $1,738,092.69.

---

*Healthcare, Inc.*, No. 23-569, 2025 WL 1393680, ___ W. Va. ___ n.1, ___ S.E.2d ___ n.1 (2025) (quoting *Hays v. Hoffman*, 325 F.3d 982, 986 n.1 (8th Cir. 2003)).

In an e-mail exchange on August 28, 2024, the Commission's counsel informed petitioner that his FOIA request was improper because it sought information which was not public record, and the request was phrased in broad and general terms instead of requesting specific documentation. Counsel requested that petitioner either withdraw his FOIA request or submit a sufficiently detailed FOIA request. Petitioner responded by stating "[y]our client provided documents to the [DOJ] about its PPP loans, and those are the documents I seek." Petitioner declined to withdraw his request and informed the Commission that failure to comply with his FOIA request would result in legal action.

The Commission did not disclose the documentation and on September 6, 2024, petitioner filed his complaint. In his complaint, petitioner asserted that respondents had violated FOIA and sought attorney's fees. Petitioner specifically referenced the related Northern District action in his complaint. That same day, the Commission filed a motion for a protective order with the Northern District to thwart petitioner's FOIA request. Relator did not respond to the motion. Instead, on September 18, 2024, relator filed a motion to dismiss the *qui tam* complaint, and the DOJ consented to the dismissal. On September 27, 2024, the Northern District entered an order dismissing the case; however, that order did not lift the prior orders placing portions of the case, including the subpoenaed documents, under seal.

On September 25, 2024, respondents filed their motion to dismiss petitioner's complaint. In support of their motion, respondents contended that petitioner sought documentation which was placed under seal by the Northern District; petitioner could not use FOIA to conduct discovery for relator's case; the breadth of the DOJ subpoena is much broader than a FOIA request, and simply because the Commission disclosed documents in response to the DOJ subpoena did not make the documents subject to FOIA disclosure; and that petitioner's FOIA request was too broad and did not sufficiently identify the specific documents he requested and, thus, respondents could not raise their appropriate defenses and statutory exceptions in opposition to disclosure. Respondents' motion further contended that petitioner had pled no set of facts to establish his entitlement to attorney's fees.

Petitioner filed a response opposing the motion to dismiss, contending, among other things, that because he was not a party to the federal case, his FOIA request was not subject to the Northern District's seal orders, and that all of the records he sought were public records and therefore, not subject to any FOIA exemptions.

On October 8, 2024, the circuit court entered the order granting respondents' motion to dismiss, finding that petitioner's FOIA request sought documentation which was not subject to disclosure. In its order, the circuit court concluded that because the documents remained subject to seal orders in the Northern District, respondents were prohibited from disclosing the information.

The court also found that petitioner's FOIA request did not satisfy the requirements of West Virginia Code § 29B-1-3(d) (2015), which requires: "All [FOIA] requests for information must state with reasonable specificity the information sought . . . ." Here, the circuit court determined that petitioner's request lacked specificity both to identify "public documents" and to identify those documents which were clearly exempt from production or disclosure. The court also found that petitioner's August 28, 2024, supplemental response to the Commission's counsel did not bring his FOIA request into statutory compliance. In other words, the court agreed with respondents that the request was too vague and prevented respondents from adequately determining the documents sought and whether any FOIA exemptions applied.

As a final matter, the circuit court concluded that there was no set of facts from which petitioner could establish that he was entitled to attorney's fees in this case. This appeal followed.

In this case, our standard of review is de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."). "This Court reviews questions of law in FOIA appeals de novo." *Gray Media Grp, Inc. v. W. Va. Dep't of Health and Hum. Res.*, 250 W. Va. 345, 352, 902 S.E.2d 894, 901 (Ct. App. 2024) (first citing Syl. Pt. 2, *Tax Analysts v. Irby*, 249 W. Va. 611, 900 S.E.2d 37 (2024) and then citing *Charleston Gazette v. Smithers*, 232 W. Va. 449, 460, 752 S.E.2d 603, 614 (2013)).

On appeal, petitioner raises several assignments of error challenging the circuit court's dismissal of his complaint. However, we find that we can dispose of this appeal by addressing petitioner's argument that the circuit court erred in relying upon extrinsic facts in its determination that the documents he requested under FOIA remained subject to the seal orders of the Northern District. Therefore, we will not address petitioner's remaining assignments of error.[3]

---

[3] Among his other assignments of error, petitioner claims that the circuit court's order failed to define which documents were "public documents" under West Virginia Code § 29B-1-2(5) (2021); the court erred in finding his FOIA request to be too vague; the court erred by dismissing his claim for attorney's fees; and that the court gave no weight to FOIA's declaration of public policy under West Virginia Code § 29B-1-1 (1977). However, because we have determined that petitioner failed to establish a successful argument challenging the circuit court's determination on the seal orders' applicability, resolution of petitioner's remaining contentions is unnecessary.

On this issue, petitioner argues that the circuit court erred by impermissibly relying on respondents' extrinsic evidence and accompanying factual allegations.[4] To that end, petitioner maintains that his complaint, when taken as true, entitles him to the relief sought and any consideration to matters beyond his pleading short-circuits the fact-finding and discovery process to which he is entitled. We disagree.

In evaluating a motion to dismiss, the circuit court may consider any "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Forshey v. Jackson*, 222 W. Va. 743, 749, 671 S.E.2d 748, 754 (2008). In ruling that the documents Petitioner requested were not subject to FOIA disclosure because they are subject to the Northern District's seal orders, the circuit court specifically relied on the Northern District's July 3, 2024, order partially unsealing the case and the September 27, 2024, dismissal order, which did not unseal any previously sealed materials. In this matter, the circuit court's consideration and interpretation of the Northern District's orders were well within its authority at the motion to dismiss stage. *See* Syl. Pt. 11, in part, *Arnold Agency v. W. Va. Lottery Comm'n*, 206 W. Va. 583, 526 S.E.2d 814 (1999) (holding that "a court may take judicial notice of the orders of another court pursuant to [Rule] 201").[5] As this

_____

[4] Petitioner explicitly disclaimed reliance on this argument below. In his response to respondents' motion to dismiss, petitioner noted that the argument that the documents he requested were sealed by the Northern District's orders relied on factual matters outside his complaint. After asserting that this would have been a reason for the circuit court to disregard respondents' argument, petitioner stated that he "does not ask the Court to do so, for [respondents'] exhibits make clear that the documents have not been sealed by the federal court." Therefore, petitioner directly consented to the circuit court's consideration of the exhibits to respondents' motion to dismiss, which he now impermissibly assigns as error. *See* Syl. Pt. 1, *Maples v. W. Va. Dep't of Com., Div. of Parks & Recreation*, 197 W. Va. 318, 475 S.E.2d 410 (1996) ("A litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal.").

[5] The circuit court also cited to other filings from the Northern District case, including the United States' Notice of Consent to Dismissal as well as the docket sheet from that action. Because the Northern District's orders are both the basis for the circuit court's dispositive ruling and the apparent subject of Petitioner's challenge, we focus our analysis on them. However, the circuit court could also properly consider other filings and the docket sheet from the Northern District. *See Gomez v. A.C.R. Promotions, Inc.*, No. 17-1048, 2019 WL 2499617, at *3 (W. Va. June 17, 2019) (memorandum decision) ("Therefore, we conclude that the circuit court may take judicial notice of the records of the federal district court."); *Formulak v. Bank of Charles Town*, No. 15-0643, 2016 WL 2970311, at *1 (W. Va. May 20, 2016) (memorandum decision) (taking judicial notice of

5

usage of extrinsic evidence was the petitioner's sole basis for challenging the circuit court's determination, we find no error in the circuit court's finding that the orders of the Northern District exempted the requested material from disclosure.

We note that in petitioner's reply brief, he argues for the first time on appeal that the Respondents failed to satisfy the burden of demonstrating that the Northern District's seal orders were intended to prohibit disclosure, acting as a prohibitive injunction so long as the seal remained in effect. However, we do not consider this argument to be properly preserved in the petitioner's initial brief. Any nonjurisdictional issues which are raised for the first time in the reply brief do not provide an opportunity for the other party to respond to the issue. Consequently, we decline to address the issue in this appeal. *See In re M.S.-1*, No. 17-0872, 2018 WL 1255020, at *1 n.2 (W. Va. Mar. 12, 2018) (memorandum decision) (declining to address assignment of error first raised in reply brief); *Sim Fryson Enters., Inc. v. Tim Short of Charleston, LLC*, No. 24-ICA-106, 2025 WL 895778, at *2 n.2 (W. Va. Ct. App. Mar. 24, 2025) (memorandum decision) (same).

For these reasons, we decline to disturb the circuit court's October 8, 2024, order.

Accordingly, we affirm.

Affirmed.

**ISSUED:** August 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

docket sheet); *Ballard v. Pomponio*, No. 15-0738, 2016 WL 4579066, at *3 n.1 (W. Va. Sept. 2, 2016) (memorandum decision) (recognizing that "the circuit court was able to take judicial notice of the proceedings in the federal district court without converting respondent's motion to dismiss into a motion for summary judgment").