STATE OF WEST VIRGINIA

**Garnet Lockard, Thomas Fugitti, Jr.,
Denise Fugitti, Gary Harper, Peggy Harper,
Steve White, and Deborah White,
Plaintiffs Below, Petitioners**

**FILED**

October 18, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-1507** (Mingo County 09-C-211)

**Liberty Mutual Insurance Company, a foreign corporation,
Defendant Below, Respondent**


# MEMORANDUM DECISION

Petitioners Garnet Lockard, Thomas Fugitti, Jr., Denise Fugitti, Gary Harper, Peggy Harper, Steve White, and Deborah White, by counsel Christopher J. Heavens and Greg K. Smith, appeal the Circuit Court of Mingo County's "Order Granting Liberty Mutual Insurance Company's Motion for Summary Judgment and Denying Plaintiff's Motion to Compel Discovery." Respondent Liberty Mutual Insurance Company ("Liberty Mutual"), by counsel William M. Harter and Jared M. Tully, filed a response. Petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case stems from a natural gas explosion occurring on April 2, 2009, totally destroying the home of Barry and Kathleen Reed. The Reed home was insured by Liberty Mutual. The explosion also damaged petitioners' properties, which adjoined the Reeds' property.

In July of 2009, petitioners sued the Reeds and Mountaineer Gas Company ("Mountaineer Gas") alleging negligence causing the explosion and seeking compensation for the damage to their homes. In August of 2009, Mountaineer Gas answered the complaint and asserted a third-party complaint against Liberty Mutual alleging spoliation of evidence. On December 1, 2010, petitioners asserted their own spoliation claim against Liberty Mutual in relation to Liberty Mutual's investigation of the fire and explosion at the Reed home.[1]

---

[1] Liberty Mutual moved to bifurcate the spoliation claim of Mountaineer Gas. In its response to that motion, Mountaineer Gas attached a letter and emails between Mountaineer Gas' counsel and Liberty Mutual's counsel revealing that the Reeds and Liberty Mutual's representatives had cleared all or part of the explosion site. Petitioners allege in their brief that at

In or around June of 2011, petitioners and Liberty Mutual negotiated a settlement whereby, in exchange for dismissal of the Reeds, petitioners and their subrogated homeowners' insurer were paid $300,000 as compensation for their damages. This sum constituted the policy limits available to petitioners under the Reeds' insurance policy with Liberty Mutual. In addition, petitioners voluntarily dismissed Mountaineer Gas – the only other party potentially liable for the explosion – by Agreed Order on August 25, 2011. After the settlement and the dismissal of Mountaineer Gas, petitioners' only remaining claim was its spoliation claim against Liberty Mutual.

Petitioners allege that during the course of the litigation, Liberty Mutual concealed evidence from its files and generally refused to engage in full and complete discovery, resulting in petitioners filing a motion to compel on May 5, 2010. The court directed Liberty Mutual to produce "cause and origin" documents, and Liberty Mutual complied on February 4, 2011. According to petitioners, these documents revealed that as early as mid-April of 2009, Liberty Mutual recognized the liability of its policyholders (the Reeds), but made no attempt to settle petitioners' claims until June of 2011.

Petitioners state that they made multiple attempts to schedule depositions of Liberty Mutual's employees and experts before moving to amend their pleadings to allege fraud. Petitioners filed another motion to compel on May 18, 2012.

On July 3, 2012, Liberty Mutual moved for summary judgment, arguing that the payment of the policy limits precluded petitioners from proving an inability to recover against an alleged tortfeasor, which is an essential element of a spoliation claim.[2] Petitioners responded that the motion for summary judgment was premature because of their pending motion to compel and the

---

the time of these communications, Liberty Mutual was aware of evidence that implicated its insureds, the Reeds, in negligently causing the explosion. Petitioner alleges that Liberty Mutual withheld these incriminating emails, dated April 15 and 16, 2009, until February of 2011.

[2]The elements of a spoliation claim are set forth in Syllabus Point 8 of *Hannah v. Heeter,* 213 W.Va. 704, 584 S.E.2d 560 (2003):

> The tort of negligent spoliation of evidence by a third party consists of the following elements: (1) the existence of a pending or potential civil action; (2) the alleged spoliator had actual knowledge of the pending or potential civil action; (3) a duty to preserve evidence arising from a contract, agreement, statute, administrative rule, voluntary assumption of duty, or other special circumstances; (4) spoliation of the evidence; (5) the spoliated evidence was vital to a party's ability to prevail in the pending or potential civil action; and (6) damages. Once the first five elements are established, there arises a rebuttable presumption that but for the fact of the spoliation of evidence, the party injured by the spoliation would have prevailed in the pending or potential litigation. The third-party spoliator must overcome the rebuttable presumption or else be liable for damages.

alleged "stonewalling" by Liberty Mutual. The circuit court agreed with Liberty Mutual, concluding that,

> [T]here is no evidence that Plaintiffs have been rendered unable to recover against the Reeds, due to any action or inaction by Liberty Mutual. To the contrary, Plaintiffs did recover against the Reeds. There are no genuine issues of material fact regarding this recovery. Therefore, one essential element, which must be proven, fails as a matter of law.

As to petitioners' motion to compel discovery, the court concluded that "[n]o possible discovery would lead to evidence the Plaintiffs have not already recovered on their claim against the Reeds." By order entered on November 13, 2012, the court granted Liberty Mutual's motion for summary judgment, denied petitioners' motion to compel discovery, and dismissed the case. From this order, petitioners appeal to this Court.

"A circuit court's entry of summary judgment is reviewed *de novo.*" Syl. Pt. 1, *Painter v. Peavy,* 192, W.Va. 189, 451 S.E.2d 755 (1994). The non-moving party may only defeat a motion for summary judgment by offering some concrete evidence from which a reasonable fact finder could return a verdict in its favor. *See Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 459 S.E.2d 329 (1995).

Petitioners raise three arguments to challenge the circuit court's order.[3] First, petitioners argue that the court should have permitted additional discovery and granted their motion to compel before considering Liberty Mutual's motion for summary judgment. As support, petitioners state that they filed their motion to compel two months prior to the hearing on summary judgment and the court was aware of the alleged "stonewalling" by Liberty Mutual. In Syllabus Point 1 of *Powderidge v. Highland Properties, Ltd.,* 196 W.Va. 692, 474 S.E.2d 872 (1996), this Court held:

> An opponent of a summary judgment motion requesting a continuance for further discovery need not follow the exact letter of Rule 56(f) of the West Virginia Rules of Civil Procedure in order to obtain it. When a departure from the rule occurs, it should be made in written form and in a timely manner. The statement must be made, if not by affidavit, in some authoritative manner by the party under penalty of perjury or by written representations of counsel. At a minimum, the party making an informal Rule 56(f) motion must satisfy four requirements. It should (1) articulate some plausible basis for the party's belief that specified "discoverable" material facts likely exist which have not yet become accessible to the party; (2) demonstrate some realistic prospect that the material facts can be obtained within a reasonable additional time period; (3) demonstrate that the material facts will, if obtained, suffice to engender an issue both genuine and

---

[3]Petitioners do not list specific assignments of error in their brief as contemplated by Rule 10(c)(3) of the Rules of Appellate Procedure. Rather, they provide a two-page narrative. From this narrative and from petitioners' argument section in their brief, the Court gleans three challenges to the lower court's ruling.

material; and (4) demonstrate good cause for failure to have conducted the discovery earlier.

Without examining the first, second, and fourth elements, we find clearly that petitioners cannot overcome the third. An issue is "genuine" under Rule 56 when the evidence regarding it, viewed in the light most favorable to the party opposing the motion, is sufficiently open-ended to permit a rational fact finder to resolve the issue in favor of either side. *See Gentry v. Magnum,* 195 W.Va. 512, 466 S.E.2d 171 (1995). A fact is "material" when it has the capacity to sway the outcome of the litigation under the applicable law. *See Shaffer v. Acme Limestone Co., Inc.,* 206 W.Va. 333, 524 S.E.2d 688 (1999). Petitioners failed to submit an affidavit with their opposition to Liberty Mutual's motion for summary judgment. Regardless of petitioners' motion to compel, we find that petitioners, as a matter of law, could not prove their spoliation claim because they actually recovered in their suit. Thus, they have failed to meet the third element set forth above. We conclude that no additional discovery would engender an issue both genuine and material with respect to whether "the spoliated evidence was vital to a party's ability to prevail in the pending or potential civil action." *See* Syllabus Point 8, *Hannah v. Heeter, supra.*

Second, petitioners argue that a spoliation of evidence claim against an insurance company should be legally actionable even when the insurance company eventually pays the plaintiffs. As noted above, we agree with the circuit court's decision that petitioners' recovery from Liberty Mutual bars their ability to maintain a spoliation of evidence claim under the facts presented in this case. Moreover, to the extent that petitioners argue that Liberty Mutual's conduct constitutes an unfair claims practice under West Virginia Code § 33-11-4(9)(f), we reject their argument because such a claim is barred by West Virginia Code § 33-11-4a(a), which states that "[a] third-party claimant may not bring a private cause of action or any other action against any person for an unfair claims settlement practice."

Third, petitioners argue that the circuit court should have afforded them the opportunity to amend their complaint to allege fraud. We find that for the approximately three years this case was pending, petitioners never amended their complaint to allege fraud. Petitioners state the reason for their inaction is that they did not have access to the evidence necessary to allege fraud. However, petitioners refer to all of this evidence in their briefs in this appeal. Therefore, enough evidence existed for petitioners to have at least pled the issue before the circuit court, but they failed to do so. "A litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal." Syl. Pt. 1, *Maples v. W.Va. Dep't of Commerce, Div. of Parks and Recreation,* 197 W.Va. 318, 475 S.E.2d 410 (1996). In addition, to the extent that the purported fraud claim derived from Liberty Mutual's alleged spoliation of evidence or involved the same conduct of Liberty Mutual relied upon by petitioners in their bad faith claim, we reject petitioners' argument for the same reasons stated above regarding their first and second assignments of error.

For the foregoing reasons, we affirm.

Affirmed.

4

**ISSUED:** October 18, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II