# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Susan M.,**
**Petitioner**

**vs) No. 16-0998**  (Cabell County 14-D-389)

**Timothy Z.,**
**Respondent**

**FILED**

**June 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Susan M.[1] ("Mother"), by counsel Hoyt Glazer, appeals the September 20, 2016, order of the Circuit Court of Cabell County that affirmed the order of the family court denying her motion to reconsider her previous requests for modification of the parenting plan and for appointment of a guardian ad litem. Respondent Timothy Z. ("Father"), by counsel Jennifer Ransbottom, filed a summary response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mother and Father are parents to A.Z., who was born on December 18, 2011. By order entered in the Family Court of Cabell County, Mother was deemed the residential/custodial parent. The family court set a visitation and holiday schedule.

On February 16, 2016, Mother filed a petition for modification and contempt of parenting plan in which she alleged that Father exercised holiday visitation in a manner contrary to the family court's order. Mother further alleged additional issues with the parenting plan including, inter alia, the following: Father cut the child's hair without Mother's consent; Father leaves the child with third parties "for extended periods (including overnights) during his parenting time, and does not allow [Mother] a right to see [her] during these times;" Father refuses to provide Mother with contact information when A.Z. is staying with "third parties" even though the parenting plan provides "that a parent may call the child at any time" and vice versa; Father does not inform Mother when or where he takes the child out of the Huntington, West Virginia, area;

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initial where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

Father has refused to allow Mother to see the child on Mother's birthday; during the previous summer, Father scheduled his vacation time on Mother's only weekend with the child; Father has locked the child in her room, "prevent[ing] her from using the bathroom and/or leaving if an emergency arises;" and Father "has generally not allowed [Mother] equal participation in decision-making for their daughter." Mother alleged that Father has used the child as "a bargaining tool to obtain additional visitation time" and when additional visitation is given, Father "then leaves [the child] with a third party." Mother argued that, given the foregoing, "circumstances have substantially changed such that the current order does not provide adequate structure and guidance for the child's parenting plan."

On March 21, 2016, Mother filed a supplemental petition for contempt alleging that Father refused to allow the child to visit with her over spring break even though the child was not yet in school and, as such, "spring break did not apply to the parties' custodial arrangement[.]" The supplemental petition further alleged that Father had taken the child to a home without informing Mother and that the child was returned to Mother with lice in her hair.

On April 4, 2016, Father answered the petition in which he admitted cutting the child's hair, and also admitted, in part, and denied, in part, some of the remaining allegations, while denying others in their entirety. Father also filed a counter-petition for contempt in which, inter alia, he recounted specific instances when Mother interfered with his parenting time, spoke poorly of Father in A.Z.'s presence, and accused Mother of stalking him. Father requested that Mother undergo a mental evaluation "due to her paranoia, anger, stalking, lack of self control, threats of suicide, and manipulation of the minor child. If she is found to be mentally ill, then [Father] would ask for sole custody . . . with supervised visitation to [Mother]."

On April 12, 2016, Mother filed a response to the counter-petition and, given Father's "serious allegations . . . including 'stalking' and mental instability," also filed a motion to appoint a guardian ad litem for the minor child for the purpose of investigating Father's allegations and "interview[ing] the minor child, and all necessary collaterals, and provid[ing] the Court with a recommendation concerning this case."

A family court hearing was conducted on April 14, 2016, during which Mother argued that modification of the parenting plan was warranted because there has been a substantial change of circumstances, including issues about the visitation and holiday schedule, allegations that the child has spent the night with third parties, and Father's serious allegations about Mother's mental health and that Mother "stalked" Father.

By order entered May 26, 2016, the family court denied Mother's motion for modification, finding that there has not been a substantial change of circumstances that was not anticipated at the time the last order was entered. The family court further acknowledged that the parties have "issues" that need to be addressed as evidenced by the petition and counter-petition for contempt, and noted that the parties agreed to mediate the "issues."

Thereafter, Mother filed a motion for reconsideration of the family court's order stating, among other things, that "several matters" were resolved in mediation but that "recent events have prompted concerns supporting reconsideration of the Court's ruling." In her motion, Mother

2

stated that she is concerned that Father "continues not to exercise his parenting time with" the child, alleging that, during Father's vacation time with the child, the child did not stay with him but, rather, stayed with her grandparents without Father being present. According to Mother's motion, "[t]he child has expressed dread and extreme anxiety about visitation time with [Father]." Mother's motion for reconsideration was denied by order entered June 30, 2016. Mother appealed the family court's order to the Circuit Court of Cabell County, which affirmed the family court's order. This appeal followed.

In this case, the Court is asked to review the final order of the circuit court that affirmed the family court's order denying Mother's motion for reconsideration.

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo.*

Syllabus, *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

In her first assignment of error, Mother argues that the circuit court erred in finding that the family court properly denied her motion to appoint a guardian ad litem for the child. West Virginia Code § 48-9-302(a) provides that, in domestic relations cases, "[i]n its discretion, the court may appoint a guardian ad litem to represent the child's best interests. The court shall specify the terms of the appointment, including the guardian's role, duties and scope of authority." On appeal, Mother argues that the family court failed to consider the totality of the circumstances, including Father's allegations against Mother concerning her mental instability and Mother's allegations that Father leaves the child with third parties; Father's alleged failure to fully exercise his parenting time; and Father's alleged treatment of the child (i.e., that he locked her in a room so that she could not leave to use the bathroom or in an emergency). Mother contends that the family court abused its discretion in failing to appoint a guardian ad litem under such circumstances.

Based upon our review of the record, we find that Mother's allegations do not warrant the appointment of a guardian. When asked during the April 14, 2016, hearing if Father has left the child with someone who is unfit,[2] Mother responded, "Not to my knowledge. I really don't know what goes on with him." With regard to Mother's allegation that Father left the child in a locked room, Mother likewise failed to proffer any evidence or describe any specific instance in support of this claim. Finally, although Father alleged in his counter-petition for contempt that Mother is

---

[2] Father's counsel admitted that the child spends time with her paternal grandparents during Father's visitation periods, noting that, as a practical matter, Father's visitation periods are the only time available for the child to spend time with them. Counsel for both parties made reference to the child previously spending time with Father's then girlfriend, who had been charged with a crime. This information regarding Father's girlfriend was considered by the family court when the parenting plan was initially entered and, thus, does not now constitute a substantial change in circumstances.

mentally unstable, he did not request either the appointment of a guardian or a modification of the parties' custodial arrangement based upon Mother's alleged mental instability. Accordingly, the Court finds, under the facts and circumstances of this case, that the family court did not abuse its discretion in finding that appointment of a guardian was not warranted.

Mother's second and fourth assignments of error are interrelated and will be addressed together. Mother argues that the family court failed to afford the parties an opportunity to present evidence and further failed to conduct an adequate hearing. Mother contends that the family court failed to enter a scheduling order as required by Rule 50 of the West Virginia Rules of Practice and Procedure for Family Court[3] and, as a result, failed to afford her an opportunity to fully present her case for modification. According to Mother, the family court refused to take any evidence on the issues she raised in her petition; the hearing lasted only fifteen minutes; and, in essence, the court over-simplified the issues, characterizing them as a breakdown in communication between the parties rather than giving careful consideration to the serious concerns raised by Mother. Based upon our review of the record, we find no error.

The hearing transcript reveals that Mother made no attempt to testify or present witnesses or other evidence in support of her petition to modify the parties' parenting plan. Nor does the transcript demonstrate that Mother was prevented from presenting such evidence or that such evidence was otherwise excluded by the family court. Furthermore, at no time during the course of the hearing did Mother raise the family court's failure to enter a scheduling order under Rule 50 or request a continuance in order to be able to more adequately present her case. As this Court has repeatedly cautioned, "'[a] litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal.' Syllabus Point 1, *Maples v. West Virginia Dep't of Commerce,* 197 W.Va. 318, 475 S.E.2d 410 (1996)." Syl. Pt. 2, *Hopkins v. DC Chapman Ventures, Inc.*, 228 W. Va. 213, 719 S.E.2d 381 (2011).

Finally, the record is clear that both parties were afforded ample time for oral argument. Ultimately, the parties agreed to mediate the issues raised by Mother. Based upon the foregoing, we find that the circuit court did not abuse its discretion in concluding that the family court afforded the parties the opportunity to present evidence and conducted an adequate hearing.

---

[3] Rule 50 of the West Virginia Rules of Practice and Procedure for Family Court provides as follows:

> Leave of court shall not be required for filing a petition for modification. A petition for modification shall be in writing, specify facts which demonstrate good cause for relief, be filed with the circuit clerk, and sent to all parties. Within five days of the filing of a petition for modification the circuit clerk shall notify the family court. If a petition for modification is filed in a closed case, the petition shall be filed with three copies of a case information statement, and served on all parties. *Within five days of receipt of a petition for modification the family court shall send a scheduling order to all parties.*

(Emphasis added)

Lastly, we address Mother's assignment of error that the family court abused its discretion in failing to consider that a substantial change in circumstances occurred such that a modification of the parties' parenting plan was warranted. Mother argues that Father prevented the child from leaving her room; that he often leaves the child with third parties for extended periods; and that the child experiences anxiety over her visits with Father.[4] Mother also raised issues concerning whether she could call the child when the child is with Father and whether she had the correct holiday schedule issued by the family court. Mother contends that both the circuit court and family court erred in concluding that her concerns were "minor issues" that did not warrant modification.[5]

This Court has held that

> West Virginia Code § 48–9–401(a) (2009) permits a court to modify a parenting plan order on the basis of a substantial change in circumstance that arises after the parenting plan order is entered if such change was not provided for in the parenting plan and modification is necessary to serve the best interests of the child.

Syl. Pt. 3, *Skidmore v. Rogers*, 229 W. Va. 13, 725 S.E.2d 182 (2011). Here, the family court determined that there was no substantial change of circumstances that was not anticipated at the time the last order was entered which would warrant modification of parenting time. We find no error in this finding or in the determination by the courts below that the matters about which the parties disagree, or that need clarification, would be more appropriately addressed in mediation. Accordingly, the Court concludes that the family court did not abuse its discretion in determining that there was not a substantial change in circumstances that warranted a modification of the parties' parenting plan.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 9, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[4] Mother's allegations regarding the child's alleged anxiety were first raised in connection with her motion for reconsideration.

[5] Mother also argues that because the family court did not take evidence at the April 14, 2016, hearing, it failed to consider the validity of Mother's modification petition. For the reasons previously discussed herein, Mother's contention that the family court failed to afford the parties an opportunity to present evidence is without merit.