# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Saundra J.,**
**Petitioner Below, Petitioner**

**vs.) No. 17-1145** (Kanawha County 2010-D-2381)

**Robert S.,**
**Respondent Below, Respondent**

**FILED**

**February 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Saundra J., by counsel Claude S. Smith, III, appeals the Circuit Court of Kanawha County's December 21, 2017, order denying her appeal of the Kanawha County Family Court's November 30, 2017, order.[1] In that order, the family court denied petitioner's motion to change venue and held petitioner in contempt for failure to abide by the family court's prior orders regarding visitation between the minor child, M.J., and respondent father. Respondent Robert S., by counsel Brandy L. Hughart, filed a response to petitioner's appeal. On appeal, petitioner argues that the family court erred in finding that it had jurisdiction over the initial custody determination of M.J.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court reverses and remands the circuit court's December 21, 2017, order and the family court's November 30, 2017, order due to a lack of jurisdiction. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to resolve the issues presented.

In September of 2010, petitioner filed a "Uniform Interstate Family Support/Paternity Petition" in Kanawha County, West Virginia, alleging that respondent was the father of the minor child, M.J. At the time of filing, petitioner and the child were residents of Maryland, and respondent was a resident of West Virginia. In July of 2011, the family court entered a "Final Paternity and Child Support Order" and found that respondent was the biological father of M.J.; that the child had been in petitioner's custody since April of 2010; and that respondent failed to fully support the child during this time. The family court ordered that respondent pay $12,537.12 dollars in arrears for this period and $783.57 dollars per month in child support. However, the

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

family court made no findings regarding the allocation of custody between the parents or of the implementation of a parenting plan.

Respondent filed a petition for modification of child support in 2012, but did not request a parenting plan. The family court modified respondent's monthly child support obligation. Later, in June of 2012, the family court entered a supplemental order confirming the modification of child support. In this order, the family court awarded care, custody, and control of the child to petitioner even though neither party requested a child custody determination. The family court also made no specific findings regarding jurisdiction, providing only that "[t]he [c]ourt has jurisdiction of the subject matter and the parties to this action, and venue is proper in this [c]ourt." Respondent filed two subsequent petitions for modification of child support, which were denied.

In June of 2016, respondent filed a "Petition for Allocation of Custodial Responsibility." In his petition, respondent alleged that petitioner and the child had lived in Prince George's County, Maryland for a period of more than one year, and petitioner refused to allow him meaningful contact with the child. This petition was respondent's first formal motion for contact with the child and a custody determination.

The family court held a hearing in June of 2016 on respondent's motion. By order entered on November 23, 2016, the court found the following: petitioner and the child have resided in Prince George's County, Maryland, since the child's birth; respondent lived in West Virginia during that time; respondent and the minor child have not developed a bond, but respondent desires to do so; and that a gradual transition period should be implemented so that the child can become acquainted with respondent. Further, the family court ordered that video or telephone calls between respondent and the child continue and that the parties "work together to schedule the visits." The family court made no jurisdictional findings in this order.

The family court held a status conference in January of 2017.[2] The family court reasoned that no further litigation was necessary in the matter because the prior order established a parenting plan and set forth respondent's child support obligation. Accordingly, the family court ordered that video and telephone calls continue as required in the prior order and dismissed the case from the active docket. The family court included language indicating to the parties that this was a final order and subject to appeal. Neither party appealed this order.

In July of 2017, respondent filed a "Petition for Order to Show Cause Why Petitioner Should Not Be Held in Contempt" alleging that respondent had one successful video contact with the child, but, despite multiple further attempts, was unable to make further contact due to the child's unavailability or the child's desire not to talk with respondent. Additionally, respondent alleged that his counsel wrote a letter to petitioner in an attempt to "set out specific times that calls would occur." Finally, respondent alleged that petitioner influenced the child and purposefully hindered communication, and that those actions amounted to parental alienation.

---

[2]According to the record, a new family court judge assumed this case following the November 2016 election.

2

Petitioner filed a "Notice of Foreign Custody Determination" that indicated the Kanawha County Family Court order was registered in the Circuit Court of Prince George's County, Maryland. Additionally, petitioner filed a pro se motion for change of venue alleging that the child lived in Maryland since birth and that Maryland had jurisdiction over the child. This motion was petitioner's first objection to jurisdiction.

The family court held a hearing on petitioner's motion for change of venue and respondent's order to show cause petition in November of 2017. The family court found that petitioner failed to make the child available for transitional parenting time as required by the June 21, 2016, court order, and that she was willfully in contempt of that order. Further, the family court found that respondent was entitled to "make-up time" for the missed parenting and ordered that the child spend December 22, 2017, through December 31, 2017, with respondent in West Virginia. In regard to jurisdiction, the family court found that no other court has requested jurisdiction during the proceedings and that petitioner never challenged or objected to jurisdiction in West Virginia. Ultimately, the family court denied petitioner's motion and found petitioner in contempt in its November 30, 2017, order. Petitioner appealed the family court's November 30, 2017, order to the circuit court on December 20, 2017. The circuit court found that the family court's order was not clearly erroneous nor did it abuse its discretion and affirmed the family court's order on December 21, 2017. Petitioner now appeals.

We review the matter under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo.*

Syl., *Carr v. Hancock,* 216 W.Va. 474, 607 S.E.2d 803 (2004).

On appeal, petitioner argues that the Kanawha County Family Court did not have subject matter jurisdiction over the custody of the infant child and erred in exercising jurisdiction. According to petitioner, Maryland is the child's "home state" and should have been given priority when determining jurisdiction. Respondent does not dispute that West Virginia is not the child's home state. However, respondent asserts that petitioner accepted the family court's jurisdiction for several years without objection or appeal and, thus, is unable to challenge jurisdiction now. Upon our review, we concur that the Kanawha County Family Court did not have jurisdiction over the child.

"The [UCCJEA] is a jurisdictional statute, and the requirements of the statute must be met for a court to have the power to adjudicate child custody disputes." Syl. Pt. 6, *Rosen v. Rosen*, 222 W.Va. 402, 664 S.E.2d 743 (2008). The UCCJEA is found in West Virginia Code § 48-20-201(a) and specifies that:

> (a) Except as otherwise provided in section 20-204 [§ 48-20-204], a court of this State has jurisdiction to make an initial child custody determination only if:

(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding, and the child is absent from this State but a parent or person acting as a parent continues to live in this State;

(2) A court of another state does not have jurisdiction under subdivision (1) of this subsection, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this State is the more appropriate forum under section 20-207 [§ 48-20-207] or 20-208 [§ 48-20-208], and:

    (A) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this State other than mere physical presence; and

    (B) Substantial evidence is available in this State concerning the child's care, protection, training and personal relationships;

(3) All courts having jurisdiction under subsection (1) or (2) of this subdivision have declined to exercise jurisdiction on the ground that a court of this State is the more appropriate forum to determine the custody of the child under section 20-207 or 20-208; or

(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2), or (3) of this subsection.

This Court has outlined the proper analysis in determining jurisdiction as such:

[A] court of this state must satisfy one of the four bases of jurisdiction set forth in Section 201(a). These four bases have been aptly summarized as 1) "home state" jurisdiction; 2) "significant connection" jurisdiction; 3) "jurisdiction because of declination of jurisdiction"; and 4) "default" jurisdiction. *See Rosen v. Celebrezze,* 117 Ohio St.3d 241, 883 N.E.2d 420, 427 (2008). These jurisdictional bases do not operate alternatively to each other, but rather, in order of priority—reaching the next basis of jurisdiction only if the preceding basis does not resolve the jurisdictional issue.

*In re K.R. and P.R.*, 229 W.Va. 733, 740, 735 S.E.2d 882, 889 (2012). "To determine whether a state qualifies as a child's 'home state' for purposes of determining initial jurisdiction under W. Va. Code § 48–20–201(a) (Repl.Vol.2009), a court must analyze whether any state qualified as the child's 'home state' at any time within the six months immediately preceding commencement of the action." *Id.* at 734, 735 S.E.2d at 883, syl. pt. 3.

In this case, the family court properly exercised jurisdiction over the parties' original child support dispute pursuant to the Uniform Interstate Family Support Act ("UIFSA"), West

Virginia Code §§ 48-16-101 to -903, as respondent was a resident in the state of West Virginia and petitioner resided outside of the state.[3] However, that statute does not confer jurisdiction to all domestic disputes to the courts of this state. Rather, the jurisdictional statutes for child support orders and child custody allocations are separate and distinct. *See Ellithorp v. Ellithorp*, 212 W.Va. 484, 492, 575 S.E.2d 94, 102 (2002) (applying the jurisdictional statutes of the UIFSA and the UCCJA, predecessor of the UCCJEA, separately). Therefore, the family court was required to meet the jurisdictional requirements of the UCCJEA in order to allocate custodial responsibility, regardless of the fact that it had subject matter jurisdiction over the original child support dispute.

Further, pursuant to syllabus point three in *In re K.R.*, the family court was required to analyze if any state qualified as the "home state" of the child before assuming jurisdiction. On appeal, it is undisputed that the home state of the child is Maryland. The family court found that the child has lived in that state with petitioner since April of 2010, which satisfies the statutory requirement of six months or more. West Virginia could only be afforded jurisdiction over that child if the "court of the home state of the child has declined to exercise jurisdiction." However, there is no evidence in the record that Maryland declined to exercise jurisdiction. Therefore, because the requirements of the UCCJEA were not met, the family court did not have jurisdiction to allocate custodial responsibility in its June of 2012 order when it granted petitioner care, custody, and control of the child, sua sponte. Likewise, the family court erred by exercising jurisdiction in June of 2016 over respondent's "Petition for Allocation of Custodial Responsibility." Instead, the family court should have considered the home state of the child and determined whether the Maryland court desired to exercise jurisdiction over the matter.

Although we acknowledge that petitioner did not object to the family court's jurisdiction until later in the proceedings, we reiterate that "[s]ubject matter jurisdiction under the [UCCJEA] cannot be conferred by consent, waiver, or estoppel." *Rosen*, 222 W.Va. at 404, 664 S.E.2d at 745, syl. pt. 5. Respondent's assertion that "[a] litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal" has no application in this case. Syl. Pt. 1, *Maples v. W.Va. Dep't of Commerce*, 197 W.Va. 318, 475 S.E.2d 410 (1996). The record does not reflect that petitioner invited or actively contributed to this jurisdictional error. Respondent acknowledges that the family court issued its first custodial allocation sua sponte and it appears the second jurisdictional error was an oversight by the family court following that prior allocation.

Accordingly, for the foregoing reasons, we reverse the circuit court's December 21, 2017, order affirming the family court's November 30, 2017, order and the family court's "Order Finding Petitioner in Contempt of Court and Final Order Dismissing Motion to Change Venue." Further, we find it necessary to reverse the family court's "Final Supplemental Order," entered September 4, 2012; "Proposed Order From June 21, 2016," entered November 23, 2016; and "Final Order," entered February 4, 2017, in as much as these orders affect the custodial

---

[3]West Virginia Code § 48-16-401(a)(1) provides that "[i]f a support order entitled to recognition under this article has not been issued, a responding tribunal of this state with personal jurisdiction over the parties may issue a support order if . . . [t]he individual seeking the order resides outside this state[.]"

allocation over M.J. only[4] and remand this case to the circuit court with direction to forthwith remand to the family court for further proceedings to determine the proper jurisdiction for this matter in accordance with West Virginia Code § 48-20-201 and this Court's prior holdings. The family court is hereby ordered to hold the appropriate hearings and issue an order on these findings within sixty days. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Reversed and remanded.

**ISSUED**:  February 15, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[4]The family court's orders addressing child support remain in effect.