# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Gregory S. Farmerie, individually,**
**and as Administrator of the**
**Estate of Christie L. Cathers,**
**Plaintiff Below, Petitioner**

**FILED**

**April 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 18-0348**  (Monongalia County 16-C-9)

**Monongalia County Commission,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner and plaintiff below Gregory S. Farmerie, individually, and as Administrator of the Estate of Christie L. Cathers, by counsel Scott S. Segal, Jason P. Foster, and C. Edward Amos, II, appeals the March 23, 2018, order entered in the Circuit Court of Monongalia County that denied his motion for a new trial following a unanimous jury verdict that attributed more than fifty percent of the fault for petitioner's decedent's death to the decedent. Respondent and defendant below Monongalia County Commission, by counsel Cy A. Hill, Jr., Allison M. Subacz, and Elizabeth A. Moore, filed a response in support of the circuit court's order. Petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 5, 2015, petitioner's decedent was shot and killed by a Monongalia County sheriff's deputy after she was pursued in a car chase. Petitioner filed a complaint against respondent, among others, in the Circuit Court of Monongalia County alleging various claims of negligence, gross negligence, wrongful death, negligent hiring, training, retention and supervision, and vicarious liability.[1]

During a pre-trial conference that occurred on October 20, 2017, the circuit court advised

---

[1] On October 20, 2017, respondent filed an emergency petition for a writ of prohibition with this Court on immunity grounds. This Court refused the petition by order entered on October 31, 2017.

1

counsel that it has been the court's practice to allow alternate jurors in civil cases to deliberate and vote with the regular jury panel and that such practice was permissible, in the court's discretion, under West Virginia Rule of Civil Procedure 47.[2] The court specifically advised,

> If you—either counsel wishes to challenge that. [sic] And if I'm wrong, just point it out and I'll change my practice. I'm not that prideful that just because that's what I think the law is, or whatever, I'm not willing to change. But do that in a timely fashion, you know, before the end of the trial.

In response, counsel for petitioner stated, "I only have one question. I understand that the [c]ourt's intent is to allow two additional jurors to go into the jury room. . . . My question is if no one gets excused, is it the [c]ourt's intent to require an eight-person verdict?" The court answered in the affirmative and explained that "[i]t s[t]ill has to be unanimous and all – and the alternates would deliberate and vote along with the regular panel." Petitioner's counsel replied, "I understand."

The case was tried before six jurors and the two alternate jurors beginning on November 6, 2017. On November 13, 2017, the eight-member jury found the decedent to be 87% at fault, respondent 10% at fault, and a third defendant, the Monongalia County Homeland Security

---

[2] West Virginia Rule of Civil Procedure 47(b) and (c) states as follows:

**(b) Jury Selection.** *Unless the court directs that a jury shall consist of a greater number*, a jury shall consist of six persons. The plaintiff and the defendant shall each have two preemptory challenges which shall be exercised one at a time, alternately, beginning with the plaintiff. Several defendants or several plaintiffs may be considered as a single party for the purpose of exercising challenges, may allow additional peremptory challenges and permit them to be exercised separately or jointly.

**(c) Alternate Jurors.** The court may direct that not more than six jurors in addition to the regular jury be called and impanelled to sit as alternate jurors. *Alternate jurors in the order in which they are called shall replace jurors who become or are found to be unable or disqualified to perform their duties. Alternate jurors shall be drawn in the same manner, shall have the same qualifications, shall be subject to the same examination and challenges, shall take the same oath, and shall have the same functions, powers, facilities, and privileges as the regular jurors.* Each side is entitled to 1 additional peremptory challenge if 1 to 3 alternate jurors are to be impanelled and 2 additional peremptory challenges if 4 to 6 alternate jurors are to be impanelled. The additional peremptory challenges may be used against an alternate juror only, and the other peremptory challenges allowed by law shall not be used against an alternate juror.

(Emphasis added).

Emergency Management Agency MECCA 911, 3% at fault. All eight jurors were individually polled and each stated that the verdict was unanimous.

Petitioner timely filed a motion for a new trial on the ground that the circuit court did not properly dismiss the two alternate jurors and improperly allowed eight jurors to deliberate and act as regular jurors. The circuit court denied petitioner's motion by order entered on March 28, 2018, reasoning, as it did previously at the pre-trial conference, that the current version of Rule 47 affords the court "considerable judicial discretion . . . to determine whether any alternate juror or jurors will formally deliberate and assist in rendering a verdict." According to the circuit court, prior to 1998, Rule 47(b) provided that "[a]n alternate juror who does not replace a regular juror shall be discharged after the jury retires to consider its verdict." However, the court's order states, the 1998 amendments to the rule deleted this reference to the discharge of alternate jurors after the jury retires to the jury room and Rule 47(c) now states that "[a]lternate jurors shall be drawn in the same manner, shall have the same qualifications, shall be subject to the same examination and challenges, shall take the same oath, and shall have the same functions, powers, facilities, and privileges as the regular jurors." The court also relied on the specific language contained in the present Rule 47(b): "Unless the court directs that the jury shall consist of a greater number . . . ." The circuit court thus found that Rule 47, as amended, no longer requires the dismissal of alternate jurors before deliberations.

In its March 28, 2018, order, the circuit court further determined that petitioner's counsel failed to object when the court declared that it intended to allow alternate jurors to participate in deliberation and that counsel "exhibited a full understanding" of the court's intention on the matter. The court concluded that counsel "effectively waived" any objection to the court's practice of allowing alternate jurors to deliberate by failing to object at the pre-trial conference, during the trial itself, or at any time before the final verdict was rendered. Finally, the circuit court rejected petitioner's claim that it was plain error to allow the alternate jurors to deliberate and render the verdict. This appeal followed.

We review a circuit court's order denying a motion for a new trial under the following standard:

> As a general proposition, we review a circuit court's rulings on a motion for a new trial under an abuse of discretion standard. *In re State Public Building Asbestos Litigation,* 193 W.Va. 119, 454 S.E.2d 413 (1994). . . . Thus, in reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

*Tennant v. Marion Health Care Found., Inc.,* 194 W. Va. 97, 104, 459 S.E.2d 374, 381 (1995).

On appeal, petitioner's sole assignment of error is that the circuit court erred by allowing two alternate jurors to deliberate with the regular jury panel. Petitioner argues that the circuit

3

court violated West Virginia Code § 56-6-11(a), which states that, unless a party waives the right to a trial by jury, "in any civil trial a jury shall consist of six members . . . ." *Id.*, in relevant part. Additionally, petitioner argues, the circuit court's interpretation of Rule 47(b) was inconsistent with the language of West Virginia Code § 56-6-12a, which states, in pertinent part, as follows:

> In any civil case, whenever in the opinion of the court the trial is likely to be a protracted one, the court may direct that not more than four jurors, in addition to the regular jury, be called and impaneled to sit as alternate jurors. Said alternate jurors shall be chosen from a separate panel of six after the regular jury of six or twelve, as the case may be, has been selected. *Alternate jurors in the order in which they are called shall replace jurors who, prior to the time the jury retires to consider its verdict, become unable or disqualified to perform their duties.* Alternate jurors shall be drawn in the same manner, shall have the same qualifications, shall be subject to the same examination and challenges, shall take the same oath and shall have the same functions, powers, facilities and privileges as the regular jurors. *An alternate juror who does not replace a regular juror shall be discharged after the jury retires to consider its verdict.*

(Emphasis added).

Petitioner argues that these statutes mandate that a jury in a civil trial shall consist of six jurors only; that alternate jurors are not permitted to deliberate unless a regular juror "become[s] unable or disqualified" to perform his or her duties; and that, unless the alternate juror has replaced a regular juror, the alternate must be discharged after the jury retires to deliberate. Petitioner acknowledges that this Court has the authority to make and promulgate rules governing its courts, *see* W.Va. Const. art. VIII, § 3; W.Va. Code § 51-1-4, which "shall have the force and effect of law." Syl. Pt. 1, in part, *Bennett v. Warner*, 179 W. Va. 742, 372 S.E.2d 920 (1988). Nonetheless, petitioner argues that the circuit court erred in interpreting Rule 47(b) in a manner that is inconsistent with the foregoing statutory provisions, particularly in light of Rule 47(c)'s language that "[a]lternate jurors in the order in which they are called *shall replace* jurors who become or are found to be unable or disqualified to perform their duties." *Id.*, in relevant part. (Emphasis added).

As indicated above, at the pre-trial conference, when the circuit court advised the parties that it intended to allow the two alternate jurors to deliberate and vote with the regular jury panel, petitioner's counsel asked for and received clarification from the court. Counsel then responded, "I understand." It is undisputed that petitioner's counsel did not then object, nor did he object during jury selection or when the six regular and two alternate jurors were directed to retire to the jury room to consider their verdict.

Ordinarily, "[a] litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal." Syl. Pt. 1, *Maples v. W.Va. Dep't of Comm.*, 197 W. Va. 318, 475 S.E.2d 410 (1996). Indeed, this Court has consistently explained that

> "silence may operate as a waiver of objections to error and irregularities[.]" *State v. Grimmer,* 162 W.Va. 588, 595, 251 S.E.2d 780, 785 (1979), *overruled on other*

4

*grounds by State v. Petry,* 166 W.Va. 153, 273 S.E.2d 346 (1980). This "raise or waive rule" is designed "to prevent a party from obtaining an unfair advantage by failing to give [a] court an opportunity to rule on the objection and thereby correct potential error." *Wimer v. Hinkle,* 180 W.Va. 660, 663, 379 S.E.2d 383, 386 (1989). The "raise or waive rule" also "prevents a party from making a tactical decision to refrain from objecting and, subsequently, should the case turn sour, assigning error (or even worse, planting an error and nurturing the seed as a guarantee against a bad result)." *State v. LaRock,* 196 W.Va. 294, 316, 470 S.E.2d 613, 635 (1996).

*Hopkins v. DC Chapman Ventures, Inc.,* 228 W. Va. 213, 220-21, 719 S.E.2d 381, 388-89 (2011).

In *State v. Lightner*, 205 W. Va. 657, 659, 520 S.E.2d 654, 656 (1999)a criminal matter, the trial court failed to release the alternate juror when the jury retired to the jury room. *Id.* at 659, 520 S.E.2d at 656. The alternate juror took part in deliberations and the defendant was convicted. *See id.* This Court found that the defendant failed to object to the participation of the thirteenth juror at any time either before, during, or after deliberations. *Id.* at 661, 520 S.E.2d at 658. Nonetheless, we held that

> "[p]lain error review creates a limited exception to the general forfeiture policy pronounced in Rule 103(a)(1) of the West Virginia Rules of Evidence,[3] in that where a circuit court's error seriously affects the fairness, integrity, and public reputation of the judicial process, an appellate court has the discretion to correct error despite the defendant's failure to object."

*Id.* at 658, 520 S.E.2d at 655, syl. pt. 1, in part (quoting Syl. Pt. 1, in part, *State v. Marple,* 197 W.Va. 47, 475 S.E.2d 47 (1996)) (footnote added). As a result, in *Lightner*, we determined that "[w]hen a defendant fails to object to an alternate juror retiring to the jury room with the regular jurors, we will consider the circumstances under the plain error rule of West Virginia Rule of Criminal Procedure 52(b)." 205 W. Va. at 658, 520 S.E.2d at 655, syl. pt. 2, in part.[4]

---

[3] West Virginia Rule of Evidence 103(a)(1) states:

**Preserving a Claim of Error.** A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and:
(1) if the ruling admits evidence, a party, on the record:
(A) timely objects or moves to strike; and
(B) states the specific ground, unless it was apparent from the context[.]

[4] Ultimately, in *Lightner*, we determined that the error of allowing an alternate juror to participate in the rendering of the verdict was plain but held that it did not affect the substantial rights of the defendant. 205 W. Va. at 662, 520 S.E.2d at 659.

This Court has also considered whether, under the plain error doctrine, a lower court judgment in a civil case should be reversed. *See Cartwright v. McComas*, 223 W. Va. 161, 672 S.E.2d 297 (2008); *Sheetz, Inc. v. Bowles Rice McDavid Graff & Love, PLLC*, 209 W. Va. 318, 547 S.E.2d 256 (2001); *Page v. Columbia Nat. Res., Inc.*, 198 W. Va. 378, 480 S.E.2d 817 (1996). We have held that "'[t]o trigger application of the "plain error" doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings.' Syl. Pt. 7, *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995)." Syl. Pt. 6, *Brooks v. Galen of W. Va., Inc.*, 220 W. Va. 699, 649 S.E.2d 272 (2007). Thus,

> "the plain error analysis begins with a determination of whether there was in fact an error. '[D]eviation from a rule of law is error unless there is a waiver. Waiver . . . is the "intentional relinquishment or abandonment of a known right." . . . [W]hen there has been such a knowing waiver, there is no error and the inquiry as to the effect of the deviation from a rule of law need not be determined.'"

*Maples*, 197 W. Va. at 323, 475 S.E.2d at 415 (quoting *Miller*, 194 W.Va. at 18, 459 S.E.2d at 129). "When a right is waived, it is not reviewable even for plain error." *State v. Crabtree*, 198 W. Va. 620, 631, 482 S.E.2d 605, 616 (1996). "By contrast, the simple failure to assert a right by not objecting—forfeiture—is distinct from an intentional relinquishment—waiver. Only a forfeiture is reviewable under plain error." *Id.* Here, petitioner urges this Court to find that he forfeited, rather than waived, the right to have his case heard before six jurors and that, under the plain error doctrine, the circuit court's order denying his motion for a new trial must be reversed.

Under the circumstances of this case, we find that any deviation from a rule of law that occurred as a result of the alternate jurors' participation in the deliberation of the verdict was waived. The circuit court clearly advised all parties, in advance of trial, that the two alternate jurors would "deliberate and vote" with the regular jury panel. Petitioner's counsel then asked, "[I]f no one gets excused, is it the court's intent to require an eight-person verdict?" After further explanation by the court, petitioner replied, "I understand," and made a tactical decision to acquiesce to the court's interpretation of Rule 47, and, thus, refrain from making any further objection on the matter. In so doing, petitioner intentionally relinquished a known right and such waiver is not reviewable for plain error. *See Crabtree*, 198 W.Va. at 631, 482 S.E.2d at 616; *see also id.* at 631, 482 S.E.2d at 616 (finding there to be "a perfect case of waiver" where "[t]he defendant voluntarily relinquished any right he had regarding his presence at the time the trial judge communicated with the jury[]" by affirmatively approving "the trial judge's request that he be permitted to engage in discussions with the jury without the defendant being present"); *Miller*, 194 W.Va. at 14, 459 S.E.2d at 125 (finding that the defendant voluntarily waived any right she had to have the jury instructed on self-defense when, upon inquiry by the trial court, trial counsel failed to submit self-defense instructions or object to the court's failure to give the same; instead, counsel explicitly affirmed that he was satisfied with the court's proposed instructions and had no objection to the jury charge). Accordingly, because there was no error, our analysis under the plain error doctrine need go no further.

For the foregoing reasons, we affirm.

Affirmed.

6

**ISSUED:**  April 15, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

7