**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **G.M. and M.M.**

**No. 21-0715** (Marion County 21-JA-38 and 21-JA-39)

**MEMORANDUM DECISION**

Petitioner Father D.M., by counsel Jason T. Gain, appeals the Circuit Court of Marion County's July 20, 2021, order terminating his parental, custodial, and guardianship rights to G.M. and M.M. [1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee A. Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Tiffany Kent, filed a response on the children's behalf in support of the circuit court's order. Petitioner replied. On appeal, petitioner argues that the circuit court erred in accepting his stipulated adjudication. Petitioner also asserts that he received ineffective assistance of counsel. [2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2021, the DHHR filed a child abuse and neglect petition alleging that petitioner had abandoned then three-year-old G.M. and then two-year-old M.M. by his

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner does not challenge the termination of his parental, custodial, and guardianship rights.

incarceration[3] and that the children were vulnerable to abuse and neglect by their mother and her boyfriend. The DHHR alleged that a referral was filed after G.M. stabbed M.M. with a knife while in the family home. During the DHHR's investigation of the incident, the children disclosed that the mother and her boyfriend were abusing controlled substances in the home, and the DHHR determined that emergency removal of the children was necessary. The DHHR alleged that during an interview with the mother, she stated that petitioner once "attempted to kill her," which was confirmed by then eight-year-old A.M., who stated that she witnessed petitioner "punch[]" the mother and "le[ave] her in a ditch to die."[4]

The circuit court held an adjudicatory hearing in June of 2021. Petitioner moved to stipulate to adjudication. The circuit court engaged petitioner in a colloquy and determined that he had freely, voluntarily, and intelligently decided to make admissions and waive his right to an adjudicatory hearing. Petitioner admitted that he was unable to protect G.M. and M.M. due to his incarceration, that the children were left "in a more vulnerable state" due to his incarceration, and that it was in the children's best interests for the circuit court to accept his stipulation. The circuit court adjudicated petitioner as an abusing parent and the children as neglected children. Additionally, the circuit court heard evidence and found that the mother and her boyfriend had neglected the children.

In July of 2021, the circuit court held the final dispositional hearing. Petitioner moved to continue the proceedings until his parole hearing in November of 2021, to which both the DHHR and guardian objected. The circuit court denied petitioner's motion because it would cause an indeterminate delay of permanency for the children as petitioner's release from incarceration was not guaranteed. The circuit court found that it was in the children's best interest to have stability and permanency and that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect or abuse in the near future. Accordingly, the circuit court terminated petitioner's parental rights by its July 20, 2021, order. Petitioner now appeals that order.[5]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the

---

[3]The criminal conviction for which petitioner was incarcerated, as well as the sentence imposed for that conviction, is unclear from the record on appeal.

[4]In addition to G.M. and M.M., the DHHR also named two other children, A.M. and F.M., as infant respondents. These children are not petitioner's biological children, and he does not challenge the circuit court's rulings regarding those children on appeal.

[5]G.M. and M.M.'s mother passed away during the proceedings. According to the parties, the permanency plan for the children is adoption by relatives.

facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in accepting his voluntary stipulation to the petition. Petitioner asserts that the DHHR alleged that he had abandoned the children due to his incarceration. In petitioner's view, this allegation is tantamount to alleging that he abused and neglected his children simply because he was incarcerated, which he argues cannot form the sole basis for termination of his parental rights. Petitioner further argues that, under Rule 26(b) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, the circuit court has an obligation to determine whether "the stipulation or uncontested adjudication meets the purposes of these rules and controlling statute and is in the best interests of the child[ren]." Thus, petitioner argues, the circuit court erred in accepting his admission to the allegations in the petition because the allegation does not constitute abuse or neglect of the children. We find petitioner is entitled to no relief on appeal.

Pursuant to West Virginia Code § 49-4-601(i), following the filing of a child abuse and neglect petition, "the court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether the child[ren] [are] abused or neglected." A "neglected child" is a child "[w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent . . . to supply the child with necessary food, clothing, shelter, supervision, medical care, or education." W. Va. Code § 49-1-201. We have held that

"[West Virginia Code § 49-4-601(i)], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W. Va. 438, 485 S.E.2d 176 (1997) (citations omitted). Further, Rule 26(d) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings provides that "[a]dmissions by a respondent . . . may be admitted into evidence at any stage of the proceedings."

Here, petitioner admitted that he failed to protect the children from the neglectful actions of their mother due to his incarceration, and this is compelling evidence that the children's physical and mental health were harmed or threatened by his inability to provide the children appropriate supervision. While petitioner's inability to protect the children was caused in part by his incarceration, we have recently noted that "[c]ircuit courts should be mindful that *In re Cecil T.* does not foreclose a finding at the adjudicatory stage that a parent's absence due to incarceration that harms or threatens the physical or mental health of the child is neglect." *In re A.P.-1*, 241 W. Va. 688, 695 n.29, 827 S.E.2d 830, 837 n.29 (2019). Petitioner's incarceration alone did not form the basis of his adjudication. Rather, the circuit court concluded that petitioner neglected the children based upon his admitted failure to protect them. Upon our review, the circuit court did not err in concluding that petitioner was an abusing parent based on his admissions in these proceedings.

To the extent petitioner argues that the DHHR's petition was insufficient to provide him notice of the allegations against him, petitioner did not raise this error below, and "'[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). Further, while the DHHR did not specifically allege that petitioner failed to protect his children and left them vulnerable due to his absence, we consider that petitioner has invited this alleged error by admitting to facts that constitute abuse and neglect of his children under West Virginia law. "A litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal." *Maples v. W. Va. Dep't of Com., Div. of Parks & Recreation*, 197 W. Va. 318, 319, 475 S.E.2d 410, 411 (1996). Finally, in response to petitioner's argument that he received ineffective assistance of counsel, the Court has never recognized a claim for ineffective assistance of counsel in the context of an abuse and neglect matter, and we decline to do so in this case.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 20, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: March 9, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment

4