# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 27, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CHRISTINA CAMPBELL,**
**Petitioner Below, Petitioner**

**vs.) No. 23-ICA-149**        (Fam. Ct. Kanawha Cnty. No. 20-D-629)

**JAMES CAMPBELL,**
**Respondents Below, Respondents**


## MEMORANDUM DECISION

Petitioner Christina Campbell ("Wife") appeals the Kanawha County Family Court's February 7, 2023, "Final Order on Equitable Distribution." In that order, the family court held that $44,650.00 of marital waste would be attributed to the Wife for the purpose of equitable distribution. Respondent James Campbell ("Husband") filed a response in support of the family court's order.[1] Wife did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married in Kanawha County, West Virginia, on May 26, 2012. No children were born of the marriage, though both have children from prior relationships. On August 12, 2020, Wife filed for divorce based on irreconcilable differences. On August 26, 2020, Husband filed his answer and counter-petition for divorce also asserting irreconcilable differences. Husband is a disabled veteran. Wife received payment as the caregiver for Husband and was the payee on the checks Husband received for his disability.

On January 19, 2021, this matter came on for a hearing before the family court. At the hearing, counsel for Husband raised the issue of marital waste by Wife. During testimony by Wife, the family court became frustrated due to the lack of clarity in Wife's testimony regarding various transactions and the considerable amount of unexplained expenditures made from the parties' accounts. The family court made it clear on the record that it wanted a clear picture of the parties' finances and urged the parties to make full

---

[1] Christina Campbell is represented by Chris Pritt, Esq. James Campbell is represented by Erica Lord, Esq.

1

financial disclosures immediately. Following the conclusion of Wife's testimony, the family court adjourned the hearing.

The matter was next set for a hearing on June 2, 2021. However, at the outset of the hearing, counsel for Husband argued that despite the family court's prior order requiring full disclosure of every financial account, Wife failed to provide statements for all accounts. As a result, the family court admonished Wife, ordered her to turn over statements from various accounts, and ordered Husband's counsel to submit an invoice for attorney's fees for counsel's preparation for the hearing. Following the hearing, on the same day, the family court entered a Temporary Order which found that though Wife had provided documents related to a Chase Bank account to Husband pursuant to a prior order of the family court,[2] she did not provide documents related to numerous other accounts that she should have known to provide because funds were transferred out of the Chase Bank account to these other accounts. Based on Wife's failure to provide these documents, the family court ordered that she pay $1,500.00 in attorney's fees within thirty days. Wife did not object to the award of attorney's fees on the record and the Temporary Order, which was drafted by Wife's counsel, does not note any objection to the award of attorney fees.

On April 19, 2022, Husband filed his Motion Regarding Marital Waste which alleged that: Wife was responsible for the parties' finances during their marriage; in December of 2017, Husband's mother gifted him $64,497.05; Wife transferred $30,000.00 of the funds gifted to Husband by his mother to an account held only by Wife; Wife used the $30,000.00 for personal expenditures for herself and her children; Wife racked up thousands of dollars in credit card debt due to her excessive spending on things that did not benefit the marriage; Wife failed to disclose retirement accounts, investments accounts, and bank accounts; and Wife would play a "shell game" with marital funds by shuffling money between multiple accounts, often times incurring overdraft fees on the accounts.

On March 28, 2022, the family court held another hearing. Husband appeared for the hearing with his counsel. Wife did not appear at the hearing, but her counsel did. Wife's counsel informed the family court that his office apparently failed to inform Wife of the hearing. The family court noted that Wife previously testified and was cross-examined during a prior hearing. The family court ruled that it would not continue the hearing due to previous continuances granted by the family court. Counsel for Wife did not object to the hearing going forward. During the hearing, Husband testified that Wife transferred $30,000.00 from the $64,497.05 he was gifted by his mother into her own account and that he received no benefit from the $30,000.00. He also testified that there were checks written by Wife that he was unaware of and that he would probably never know the full extent of Wife's dissipation of marital assets. On cross examination, Husband denied seeing any of the $30,000.00 being transferred back into the joint account. Wife's counsel then spent

_____

[2] The referenced prior order, if reduced to writing, is not included in the record before this Court.

considerable time going over various transactions with Husband. When asked for clarification by the family court, Wife's counsel argued that of the $30,000.00 that was transferred out, Wife transferred some of the funds back into the joint account, while others she did not. Husband's counsel pointed out that often, when transfers were made back into the joint account, Wife would then withdraw that amount again. Husband further testified that due to his disability, Wife would handle the parties' finances.

On August 15, 2022, the family court entered its Order Regarding Marital Waste. In that order, the family court found that Wife: was in complete control of the parties' bank accounts; spent money excessively; moved money continually from account to account, often times overdrawing accounts and incurring substantial insufficient funds fees; spent a substantial amount of the parties' marital funds on her children from a previous relationship; transferred $30,000.00 of the money gifted to Husband by his mother into her own account and spent that money excessively on herself and her children and did not spend the monies for the benefit of the marital estate; wrote two checks in the amounts of $6,000.00 and $7,000.00 that were for her benefit alone; and incurred insufficient funds fees in the amount of $1,650.00 due to her excessive spending and the movement of monies back and forth from account to account.

As a result of these findings, the family court ordered that $43,000.00 of unaccounted for funds, plus the total of $1,650.00 in accumulated overdraft fees, be attributed to Wife as assets already received for the purpose of equitable distribution. The family court then ordered the parties to attempt to work out the distribution of assets and debts in light of the family court's ruling regarding martial waste and to submit an agreed order if the parties are able to come to an agreement. If the parties were unable to agree, the family court ordered them to submit proposed distributions to the family court within thirty days. The family court certified its August 15, 2022, order as a final appealable order.

On September 17, 2022, Wife filed her notice of appeal of the August 15, 2022, order with this Court. The matter was assigned case number 22-ICA-109. On December 21, 2022, Case No. 22-ICA-109 was dismissed as interlocutory since the marital waste issue was a part of the larger equitable distribution issue that had not yet been resolved by the family court.

On February 7, 2023, the family court entered its "Final Order on Equitable Distribution." That order divided the assets and liabilities of the parties, attributing $44,650.00 in marital waste to Christina. The distribution resulted in the family court ordering Wife to pay Husband $7,460.05 to equalize the distribution. Wife now appeals. Although this appeal is technically of the February 7, 2023, order, the assignments of error concern the August 15, 2022, order regarding marital waste and the July 21, 2021, Temporary Order which awarded $1,500.00 in attorney's fees to Husband for Wife's failure to provide certain bank records.

3

For these matters, our standard of review is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, __ W. Va. __, __, 887 S.E.2d 255, 258 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Wife asserts three assignments of error. Because the first two assignments of error concern the factual findings of the family court, we will discuss them together. First, Wife asserts that the family court orders contain findings of fact that are not supported by the evidence. Specifically, Wife asserts that the family court's finding that Wife transferred $30,000.00 into her own account and then spent that money on herself and her children is not supported by the evidence. Next, Wife asserts that the family court's orders do not contain sufficient findings of fact. In this regard, Wife argues that the family court's orders fail to describe in detail how Wife spent the money and incurred overdraft fees. Upon review, we disagree. "Under the clearly erroneous standard, if the findings of fact and the inferences drawn by [the family court] are supported by substantial evidence, such findings and inferences may not be overturned even if a [reviewing court] may be inclined to make different findings or draw contrary inferences." *Stephen L.H. v. Sherry L.H.*, 195 W. Va. 384, 395, 465 S.E.2d 841, 852 (1995) *superseded by statute on other grounds*. Here, although the account to which Wife transferred the $30,000.00 may have been a jointly titled account, Wife does not point to any evidence in the record that undermines Husband's testimony and the family court's finding that Wife was in complete control of the parties' finances. Further, the issue of how the account was titled is irrelevant to the family court's determination of the extent to which Wife "may have conducted . . . herself so as to dissipate or depreciate the value of the marital property of the parties[.]" W. Va. Code §48-7-103(4) (2001). Husband's uncontroverted testimony was that Wife had control of the parties' finances, the money was moved or spent, and that he saw no benefit from the same. Regarding how exactly the money was dissipated, under the facts of this case, it is difficult to imagine how the family court could make detailed findings about exactly how Wife used the funds in question. The only person who could have provided greater detail as to where the money went was Wife, who failed to appear for the March 28, 2022, hearing.[3] Therefore, the findings of the family court are not clearly erroneous.

---

[3] Although Wife's counsel informed the family court that his office failed to inform Wife of the hearing, she does not assert on appeal that the failure of the family court to grant a continuance was error. Since she does not assert that this was error and it is not

Finally, Wife asserts that the family court improperly awarded attorney's fees in the July 21, 2021, Temporary Order. Wife argues that since she was never specifically ordered to turn over the financial records in question, the family court erred in awarding attorney's fees. However, "[t]o preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a [lower court] to the nature of the claimed defect." Syl. Pt. 2 *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 470 S.E.2d 162 (1996). "A litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal." Syl. Pt. 1, *Maples v. W. Virginia Dep't of Com., Div. of Parks & Recreation*, 197 W. Va. 318, 475 S.E.2d 410 (1996). "Where objections were not shown to have been made in the trial court, and the matters concerned were not jurisdictional in character, such objections will not be considered on appeal." Syl. Pt. 1, *State Road Commission v. Ferguson*, 148 W.Va. 742, 137 S.E.2d 206 (1964). As previously mentioned, the Temporary Order of the family court, which was drafted by Wife's counsel, does not note any objection to the award of attorney's fees. Likewise, a review of the hearing recording reveals that no objection was made during the hearing to the award of attorney's fees. Wife does not point to anywhere in the record that demonstrates that she objected to the award of attorney's fees. Accordingly, since Wife did not properly preserve the issue for appeal, we decline to consider this assignment of error.

Accordingly, we affirm the family court's February 7, 2023, "Final Order on Equitable Distribution."

Affirmed.

**ISSUED:** December 27, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

evident from the record that this was error, the Court declines to apply the plain error doctrine.